**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank M. OAKLEY,
Defendant-Appellant.**

**No. 84–7296
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 29, 1984.

Perry N. Martin, Birmingham Area Legal Services, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Richard E. O'Neal, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant appeals the grant of summary judgment in favor of the appellee, the Veterans Administration, in its action to recover loan overpayments. We affirm.

Frank M. Oakley, a recipient of a Veterans Administration Educational Assistance Allowance pursuant to 38 U.S.C. § 1681, was notified by the Veterans Administration (VA) on December 29, 1980, that due to his reduced number of training hours at

Jefferson State Junior College, he had received an overpayment[1] of $689.46. The notice stated:

> This debt must be repaid. Your check or money order should be made payable to the Veterans Administration and mailed to the Agent Cashier, VA Center, P.O. Box 1930, St. Paul, Minnesota, 55111. Be sure to include your name and file number for proper identification. If you are unable to pay the full amount in one payment you should submit a partial payment and state how you plan to pay the balance.

> If you wish this debt considered for waiver, write the VA Center, St. Paul, explaining why you feel the overpayment is not solely your fault. State whether you knew, when cashing the check(s) involved in this overpayment, that you were not entitled to all or part of said check(s). If you did not know, state why not. If you do request waiver, we will later ask you for financial information verifying your need for waiver to avoid undue hardship.

Oakley did not answer this letter or otherwise contact the VA to request waiver of the overpayment. On February 2, 1981, the VA again wrote demanding repayment or settlement of the debt. This time Oakley responded by mailing back the detachable lower portion of the February 2 notice entitled, "Payment Remittance." On this he had written, "I consider all checks, mailed, recived [sic] to be justified." After a third demand letter on November 1, 1982, the VA filed an action in federal district court for collection of the amount of overpayment. In his responsive pleadings Oakley admitted that the loan had been made. He did not deny an overpayment nor did he contest the amount of the alleged overpayment; rather, he alleged that he had re-

1. 38 U.S.C. § 1780(e) provides:

(e) If an eligible veteran or eligible person fails to enroll in or pursue a course for which an educational assistance or subsistence allowance advance payment is made, the amount of such payment and any amount of subsequent payments which, in whole or in part, are due to erroneous information required to be furnished under subsection (d)(2) of this section, shall become an overpayment and shall constitute a liability of such veteran or person to the United States and may be recovered, unless waived pursuant to section 3102 of this title, from any benefit otherwise due such veteran or person under any law administered by the Veterans' Administration or may be recovered in the same manner as any other debt due the United States.

quested the VA to waive the alleged overpayment. Following completion of discovery, both parties filed motions for summary judgment. Oakley filed no response opposing the VA's motion for summary judgment. The district court granted the motion of the appellee, the Veterans Administration.

Under Rule 56 summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party carries this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the non-moving party does not do so, summary judgment for the movant is proper. *Frank C. Bailey Enterprises v. Cargill, Inc.*, 582 F.2d 333 (5th Cir.1978).[2] The evidence, however, must be viewed in the light most favorable to the party opposing the motion, *BAW Manufacturing Co. v. Slaks Fifth Avenue*, 547 F.2d 928 (5th Cir.1977), and, if reasonable minds differ on the inferences arising from undisputed facts, summary judgment should be denied. *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294 (11th Cir.1983).

According to the appellant, (1) the Veterans Administration is authorized to waive recovery of an overpayment, 38 U.S.C. § 3102,[3] (2) a valid waiver request need not specifically contain the word "waiver," (3) Oakley's written statement that he considered all payments "justified" constituted a valid waiver request and (4) the Veterans Administration should not be allowed to proceed in district court without first considering the debt for waiver. Hence, Oakley argues, the district court erred in granting summary judgment for the Veterans Administration.

There is no question that 38 U.S.C. § 3102 empowers the Administrator to waive recovery of an overpayment of VA benefits if recovery would be against equity and good conscience and *if the waiver request is made* within two years from the date of notification by the Administrator to the payee. Nor is it disputed that Oakley's sole communication to the VA was his notation on a portion of the VA's February 2, 1981 notice that he considered all payments "justified." The issue is whether this statement qualified as a request that the VA waive its right to recoup the overpayment, and if so, whether consideration of the debt for waiver is mandated prior to the filing of suit.

A case procedurally similar is *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir.1975). In *Bricklayers* the question was whether certain documents were sufficient to constitute a "writing" under the specific requirements of the National Labor Relations Act. There as here both parties moved for summary judgment. In upholding the grant of summary judgment for the defendant the court explained,

Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed.... Nonetheless, cross-motions may be probative of the non-existence of a factual dispute when, as here, they demonstrate a basic agreement concerning what legal theories and

---

**2.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**3.** As of December 1980, when the VA notified Oakley of the alleged overpayment, 38 U.S.C. § 3102 provided in pertinent part:

(a) There shall be no recovery of payments or overpayments (or any interest thereon) of any benefits under any of the laws administered by the Veterans' Administration whenever the Administrator determines that recovery would be against equity and good conscience, if an application for relief is made within two years from the date of notification of the indebtedness by the Administrator to the payee.

material facts are dispositive. The record here indicates that the only genuine issue in this case concerns the legal sufficiency of the documents to constitute a "writing" in compliance with Section 302.

*Id.* at 1023.

Here the issue similarly concerns the legal sufficiency of a document—in this case, whether the document constituted a "request for waiver" of recoupment of a VA loan overpayment in compliance with 38 U.S.C. § 3102.

 Even assuming that a valid waiver request need not be formally drawn nor even include the specific word "waiver," we agree with the appellee that Oakley's statement in and of itself could not be construed as a request that the VA forego collection of amounts paid to which the loan recipient was not entitled. On the contrary, the language that the payments were "justified" negates the very concept of overpayment, and thus in effect denies the existence of a waiveable debt. The further fact that Oakley provided none of the information requested in the VA's initial notice lends weight to the conclusion that Oakley's response was not a waiver request. The district judge obviously concluded, as did the VA officials,[4] that no request for waiver was made; hence the VA was authorized to institute legal proceedings for recovery of the debt.

Appellant, in his reply brief, for the first time suggests that his February note was a denial of overpayment as well as a waiver request and argues that the dispute as to whether an overpayment existed was a genuine issue for trial and precluded summary judgment. Arguments raised for the first time in a reply brief are not properly before the reviewing court. *United States v. Benz*, 740 F.2d 903 (11th

Cir.1984). Moreover, this argument was not advanced in appellant's pleadings nor presented to the trial court, and an appellate court, in reviewing a grant of summary judgment, can only review matters presented to the district court. *Frank C. Bailey Enterprises*, 582 F.2d at 334. Thus, we do not consider this argument.[5]

Based on the record before the lower court, we conclude that the district judge correctly held that the VA was entitled to summary judgment as a matter of law.

AFFIRMED.

---

4. Attached as exhibits to the VA's Response to defendant's motion for summary judgment were letters from the VA Adjudication Officer and the VA Chairman of the Committee on Waivers and Compromises to the effect that Oakley's February communication cannot be construed as a request for waiver.

5. Appellant advances in his brief other arguments not made to the trial court, which for the same reason we do not address in this opinion.