**In re HEALTHCARE SERVICES, INC., et al., Debtors.**

**Ira D. GINGOLD, Trustee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 85–01572.
Adv. No. 85–0831.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 3, 1987.

See also, 80 B.R. 555.

Stephen R. Beckham, Kilpatrick & Cody, Atlanta, Ga., for trustee, plaintiff.

Myles E. Eastwood, U.S. Attorney's Office, Atlanta, Ga., Elizabeth Sullivan, Attorney, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

The trustee is before the court on a renewed motion for partial summary judgment seeking avoidance and recovery as a preferential transfer the tax levy made upon the debtor, Healthcare Services, Inc. (HSI).[1]

### FINDINGS OF FACT

On March 5, 1985, less than a month before HSI filed its bankruptcy petition on March 29, 1985, the United States of America ("United States") seized $294,875.86 from HSI's account at First National Bank of Cobb County ("tax levy") because of taxes allegedly owed by HSI. This motion seeks to recover the funds seized in the levy as a preferential transfer pursuant to 11 U.S.C. Section 547(b). In the previous motion in this matter, the United States acknowledged that all elements of Section 547(b) had been met regarding avoidance of the tax levy except for the "interest of the debtor in property" and "greater percentage" elements. In ruling on this matter on December 12, 1986, the court resolved the former element in favor of the trustee. The trustee now contends that there is no genuine issue of material fact as to the greater percentage element and that he is thus entitled to summary judgment avoiding the transfer as a matter of law.

The trustee's affidavit in support of this motion states the following: HSI's estate presently has no funds. The trustee anticipates the receipt of $10,000 for HSI's benefit as a result of a settlement of the trustee's claim for recovery of legal fees HSI paid to its attorneys. HSI does not stand to gain any funds from the Medicare litigation involving providing of home healthcare services because HSI was never in the business of providing these services. The trustee does not anticipate any significant amounts, other than the funds sought in this adversary proceeding and the $10,-

---

1. The trustee previously filed a motion for partial summary judgment seeking recovery of funds seized in a tax levy from HSI and Shelby County Healthcare Services of Al, Inc. In this renewed motion the trustee does nct seek to recover funds seized from the Shelby County debtor.

000 claim settlement, to be recovered for the benefit of HSI. The administrative expenses total approximately $10,000, employee wage and benefit claims total in excess of $55,000, and State Mutual Life Insurance Company of America has filed a proof of claim asserting a $271,879.05 claim for group insurance premiums, part or all of which may be entitled to employee benefit priority.

## CONCLUSIONS OF LAW

In ruling on a motion for summary judgment, Fed.R.Civ.P. 56, made applicable herein pursuant to Bankruptcy Rule 7056, provides for the granting of a summary judgment if "... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The burden of establishing such right of summary judgment is upon the movant. *Clark v. Union Mutual Life Insurance Co.*, 692 F.2d 1370, 1372 (11th Cir.1982). In determining whether there is a genuine issue of any material fact the court must view the evidence in the light most favorable to the party opposing the motion. *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir.1985); *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir.1984).

After this court's December 12, 1986 order in this case, the only issue remaining before the court is whether the greater percentage element of Section 547(b)(5) is met, thereby entitling the trustee to avoid the tax levy as a preferential transfer. The trustee's affidavit makes clear that, other than any amount recovered in this proceeding, there will be, at best, $10,000 of funds available for distribution to creditors in a Chapter 7 distribution. The United States counters that the Medicare litigation could potentially result in additional amounts inuring to the benefit of HSI's estate for distribution; however, no affidavits or other evidentiary support on which to base this contention were presented. Fed.R.Civ.P. 56(e) provides in this regard as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In *Tidwell v. Fickling & Walker Insurance Agency, Inc. (In re Georgia Steel, Inc.)*, 58 B.R. 153 (Bankr.M.D.Ga.1984), the preference defendant argued that the trustee's claim asserted against a third party was undervalued for purposes of the greater percentage element. The United States makes a similar argument in the case at bar with regard to the Medicare litigation. Judge Hershner held in *In re Georgia Steel* as follows:

> Although the Court does not attempt to prejudge the claim against the third party, the mere possibility of a large recovery on the claim is not sufficient to overcome the Trustee's testimony that a 100% distribution is not possible. Under Fickling & Walker's argument, it would be all but impossible for a trustee to recover on a preferential transfer if the trustee were seeking a large recovery against a third party. The Court would be required to try all other such claims before it could proceed to try any preference action. The Court must value the potential recovery on such claims based upon the evidence presented at the trial of the preference action. The Court finds the Trustee's opinion of the value of the claim against the third party to be realistic, and *the Court has been shown no reason why the Trustee's value should be rejected* ... Accordingly, the Court holds that the greater percentage test is met in this adversary proceeding. (emphasis added.)

*In re Georgia Steel*, 58 B.R. at 157.

Similarly, in the case at bar the United States has shown no reason why the trustee's value of $10,000 as being available for distribution (from an expected claim settlement with HSI attorneys) and no recovery from the Medicare litigation should be re-

jected. Thus, the court finds that aside from any funds recovered in this proceeding, approximately $10,000 will be available for a Chapter 7 creditor distribution. If the tax levy by the United States is avoided, then an additional $294,875.86 would also be available, yielding a total of $304,-875.86 available for a Chapter 7 distribution. Unpaid administrative expenses total approximately $10,000 and employee wage and benefit claims, even excluding the group insurance premiums for which a priority claim is asserted, total over $55,000. Further, the United States has previously acknowledged that under the priority claims distribution scheme of 11 U.S.C. Section 724(b) these claims would be entitled to payment ahead of the tax claim. Consequently, assuming that this transfer to the United States had not been made and it instead received payment of the debt under Chapter 7, the United States would receive at most approximately $240,000. On the other hand, pursuant to the March 5, 1985 tax levy, the United States actually received $294,875.86. Thus, it is clear that the United States received more pursuant to this transfer than it would have received in a Chapter 7 distribution and, as a result, the tax levy is voidable as a preferential transfer. The court thus concludes that there remains no genuine issue of material fact in that the trustee has established that the greater percentage test is met in the case at bar; consequently, the trustee is entitled to a summary judgment. Accordingly, it is

ORDERED that the trustee's motion for partial summary judgment seeking the avoidance of the tax levy made by the United States on the bank account of the debtor, Healthcare Services, Inc., and recovery of these funds as a preferential transfer is GRANTED.

IT IS SO ORDERED.