In the Matter of ALL AMERICAN OF ASHBURN, INC., Debtor.

Paul W. BONAPFEL, Chapter 7 Trustee for All American of Ashburn, Inc., Plaintiff,

v.

The UNITED STATES of America, Defendant.

Bankruptcy No. A83–03719–WHD. Adv. No. 91–6429A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 10, 1993.

D. Scott Silvis, Lamberth, Bonapfel, Cifelli, Wilson & Stokes, Atlanta, GA, for plaintiff/trustee.

Jon D. Pifer, Trial Atty. Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Before the Court is a Motion for Summary Judgment ("Motion") filed by Paul W. Bonapfel ("Plaintiff"), Chapter 7 Trustee for the estate of All American of Ashburn, Inc. ("Debtor"). Plaintiff brought this adversary proceeding seeking an order disallowing certain tax claims that the United States has filed in this bankruptcy case. In addition, Plaintiff seeks to subordinate to unsecured claims the portion of these tax claims representing penalties. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). The Court will deny Plaintiff's Motion based upon the following Findings of Fact and Conclusions of Law.

## Findings of Fact

Debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on August 18, 1983. On November 20, 1985 it was converted to a Chapter 7, and the Court entered a Notice of Conversion Order for Meeting of Creditors, Order with Regard to Filing of Claims, with Notice Thereof ("Notice"). The Notice set December 13, 1985 as the date for the meeting of creditors and provided that all creditors must file their proofs of claim within ninety days of that date, March 13, 1986 ("Bar Date"). In addition, the Notice provided that creditors who contend that their claim is entitled to priority as a Chapter 11 administrative expense should state such on their proof of claim.

The Internal Revenue Service ("IRS") filed several proofs of claim for taxes, penalties and interest. On February 13, 1984, the IRS filed a proof of claim for Federal Insurance Contribution Taxes ("FICA") for the third quarter of 1983 in the amount of $218,043.00 and income taxes for 1982 through the third quarter of 1983 in the amount of $4,283.26. This claim was assigned claim number I–7. The IRS subsequently amended I–7, adding $1,195.48 in FICA taxes for the fourth quarter of 1981, $358.32 in interest, $472.21 in penalties, $53,192.71 in Federal Unemployment Tax Act ("FUTA") taxes for the 1982 tax year, $4,459.30 in interest and $4,522.37 in penalties. Claim I–7 and all amendments thereto were filed prior to the Bar Date.

On April 19, 1984, the IRS filed a proof of claim for FICA taxes for the fourth quarter of 1983. This claim was assigned claim number I–8 and was also filed prior to the Bar Date. This claim did not state that any taxes were due but did reflect that penalties of $11,231.81 and interest of $37.19 had accrued. Additionally, on September 27, 1984, the IRS filed a claim for FICA taxes for the first quarter of 1984. This claim was assigned claim number I–10, and stated that taxes of $788.67 were owed and that interest of $23.09 had accrued on this amount. In his Objection, Plaintiff requests that the Court disallow

these claims because the IRS has failed to prove their existence and amount.[1]

On January 28, 1991, the IRS filed a Proof of Claim for $437,087.06 ("1991 Proof of Claim"). The 1991 Proof of Claim states the following tax liabilities:

|  | Tax | Interest | Penalty |
|---|---|---|---|
| FICA 1983 (3rd Quarter) | $ 89,249.04 | | |
| FUTA 1982 | $ 52,192.71 | $33,387.44[2] | |
| FUTA 1983 | $110,698.79 | | |
| Penalty | | | $34,527.49 |

Prepetition Liabilities—$321,055.47.

| | Tax | Interest | Penalty |
|---|---|---|---|
| FICA 1983 (4th Quarter) | $ 13,604.95 | | |
| FICA 1984 (1st Quarter) | $    929.78 | | |
| FICA 1985 (1st Quarter) | $    492.53 | $    17.93 | $     9.14 |
| FICA 1985 (4th Quarter) | $    420.00 | $   250.17 | $    48.30 |
| FUTA 1983 | $ 73,260.42 | $16,957.79 | $ 4,746.20 |
| FUTA 1984 | $  4,144.03 | $   419.85 | $   730.50 |

Postpetition Liabilities—$116,031.59.

---

Plaintiff objects to the 1991 Proof of Claim contending that it was filed after the Bar Date and is, therefore, untimely.

### Conclusions of Law

■ Federal Rule of Civil Procedure 56, made applicable herein by Bankruptcy Rule 7056, provides for the granting of summary judgment if "... there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if it "... might affect the outcome of the suit under the governing (substantive) law...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute of fact is genuine "... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party has the burden of establishing the right of summary judgment. *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir.1982); *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir.1975).

■ In determining whether there is a genuine issue of any material fact the Court must view the evidence in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir.1985); *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir.1984). The moving party must identify those evidentiary materials listed in Federal Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(e).

■ The Court will first consider Plaintiff's contention that the 1991 Proof of Claim was filed after the Bar Date, and is thus time barred. The Bar Date set for filing claims was March 13, 1986. The IRS did not file its 1991 Proof of Claim until January 28, 1991, almost five years after the Bar Date. The IRS contends that the claims asserted in the 1991 Proof of Claim

---

**1.** Plaintiff does, however, concede that Debtor owes the IRS $95,725.00 for FICA taxes for the third quarter of 1983.

**2.** The IRS concedes that this claim should have read $4,459.30. Defendant's Statement of Material Facts, p. 3, n. 3.

are not time barred because they are administrative expenses, incurred by the estate prior to conversion of the case to a Chapter 7, and as such do not require the filing of a proof of claim. Thus, the IRS contends that these administrative claims are not subject to the Bar Date. Plaintiff concedes that the claims asserted in the 1991 Proof of Claim are administrative claims but disputes the IRS' contention that it was not required to file the 1991 Proof of Claim prior to the Bar Date.

The IRS' position that its 1991 Proof of Claim is not subject to the Bar Date is based on its conclusion that it is not a creditor in this case. A creditor is an "... entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor...." 11 U.S.C. § 101(10)(A). The IRS contends that the claims at issue in this proceeding did not arise until after the order for relief was entered. The IRS also states that § 348(d) of the Bankruptcy Code supports this conclusion. That section provides that:

> A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted, ... *other than a claim specified in section 503(b) of this title*, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

11 U.S.C. § 348(d) (emphasis added). A "... claim specified in section 503(b) ..." is an administrative claim. *See* 11 U.S.C. § 503(b). The IRS contends that the exception of administrative claims from § 348(d) indicates that it was not required to file a proof of claim.

The courts that have considered the interpretation suggested by the IRS have rejected it. *United States v. Ginley (In re Johnson)*, 901 F.2d 513 (6th Cir.1990); *In re Transouth Truck Equip., Inc.*, 87 B.R. 937 (Bankr.E.D.Tenn.1988); *United States v. Simon (In re Bondi's Valu–King, Inc.)*, 126 B.R. 47 (N.D.Ohio 1991); *In re West Johnson Corp.*, 96 B.R. 182 (Bankr. W.D.Wis.1988). These courts have found that § 348(d) is substantive, providing only that Chapter 11 administrative claims maintain their priority status after conversion of the case to a Chapter 7. *Johnson*, 901 F.2d at 520. These courts have concluded that § 348(d) was not intended to excuse administrative claimants from filing a proof of claim.

The applicable procedural rules support this conclusion as well. Upon conversion of a Chapter 11 case to a case under Chapter 7, the trustee or debtor-in-possession is directed to file a schedule of unpaid debts that arose after the commencement of the Chapter 11 case. Fed.R.Bankr.P. 1019(5). The Court is directed to provide notice to these claimants, including the United States, of the conversion of the case and that they may file a proof of claim. Fed. R.Bankr.P. 1019(6). The courts considering the argument asserted by the IRS have found that administrative claimants are subject to these provisions. This Court agrees with that conclusion. In addition, as a practical matter, the filing of a proof of claim by an administrative claimant is helpful to the administration of the Chapter 7 case and is not unduly burdensome to the claimant. As one court has stated:

> If a holder of a claim receives a notice to file a proof of claim, it is reasonable to conclude that the notice was sent for a reason. Furthermore, there is usually nothing to be gained and everything to be lost by not filing a proof of claim. Thus, the claimant who receives a notice to file a proof of claim should follow common sense rule number one: "Do not ignore any order setting a deadline to file claims unless you know without a doubt that the order does not apply to your claim."

*Transouth Truck*, 87 B.R. at 942.

■ The IRS does not dispute that it received the Notice. Thus, the Court concludes that the IRS was required to file a proof of claim for the taxes incurred by the Debtor during the pendency of its Chapter 11 case and further concludes that the 1991 Proof of Claim was untimely.

The IRS contends, in the alternative, that the 1991 Proof of Claim was an amendment to Proofs of Claim I–7, I–8 and I–10. The IRS states that some of the claims asserted

in the 1991 Proof of Claim were previously included in these proofs of claim, which Plaintiff concedes were filed timely. In addition, the IRS contends that Proofs of Claim I–7, I–8 and I–10 provided adequate notice of the IRS' intent to assert all the other claims contained in the 1991 Proof of Claim and that, therefore, the 1991 Proof of Claim should be allowed as an amendment.

■ The Court concludes that the tax claims that were originally filed timely and that are simply restated in the 1991 Proof of Claim for convenience are clearly not time barred. The following claims fit this description: prepetition FICA taxes for the third quarter of 1983, prepetition FUTA taxes for 1982, and prepetition FICA taxes for the fourth quarter of 1983. Conversely, the following claims were filed for the first time in the 1991 Proof of Claim: postpetition FUTA taxes for 1983, postpetition FICA taxes for the first and fourth quarters of 1985, and postpetition FUTA taxes for 1984. Finally, the following claims were filed in timely proofs of claim but were not included in the 1991 Proof of Claim: Income Taxes for 1982 through the third quarter of 1983, prepetition FICA taxes for the fourth quarter of 1981, and postpetition FICA taxes for the fourth quarter of 1983. The Court will examine the claims raised for the first time in the 1991 Proof of Claim and determine whether these claims should be allowed as amendments to the timely filed Proofs of Claim.

The standard for allowing an amendment to a proof of claim is primarily based upon Federal Rule of Civil Procedure 15, which provides that pleadings may be amended only by leave of court but that "... leave shall be freely given when justice so requires...." Fed.R.Civ.P. 15(a). The phrase "when justice so requires" has been construed to prohibit a claimant from setting up an entirely new claim by amendment. *United States v. International Horizons, Inc. (In re International Horizons, Inc.)*, 751 F.2d 1213, 1216 (11th Cir. 1985). Thus, an "... amendment (to a proof of claim) is permitted only where the original claim provided notice to the court

of the existence, nature, and amount of the claim and that it was the creditors' intent to hold the estate liable." *International Horizons*, 751 F.2d at 1217.

■ The IRS included a claim for postpetition 1983 FUTA taxes for the first time in its 1991 Proof of Claim. However, the IRS asserted in I–7 and I–8 a claim for 1983 FICA taxes. FICA and FUTA taxes for a quarter are normally assessed and paid in tandem. Accordingly, the Court concludes that the IRS' claim for postpetition 1983 FICA taxes provided notice of the existence of its claim for postpetition 1983 FUTA taxes and of its intent to assert the claim. Therefore, the Court will allow the IRS' claim for postpetition 1983 FUTA taxes as an amendment to its timely filed Proofs of Claim.

■ The IRS asserted a claim for postpetition FICA taxes for the first and fourth quarters of 1985 for the first time in its 1991 Proof of Claim. This was the first claim filed by the IRS for the 1985 tax year. Accordingly, the Court concludes that none of the previously filed proofs of claim provided notice of the existence of the IRS' claim for postpetition 1985 FICA taxes. The IRS also asserted a claim for postpetition 1984 FUTA taxes for the first time in its 1991 Proof of Claim. This was the first claim filed by the IRS for the 1984 tax year. Accordingly, the Court also concludes that none of the previously filed proofs of claim provided notice of the existence of the IRS' claim for 1984 FUTA taxes. Thus, it appears that these two claims should not be considered amendments under Federal Rule of Civil Procedure 15.

■ However, this does not end the Court's inquiry. Even if an untimely filed proof of claim for taxes does not qualify as an amendment, the Court may look to five factors enunciated in *In re Miss Glamour Coat, Inc.*, 80–2 U.S.T.C. CCH ¶ 9737 (S.D.N.Y. Oct. 8, 1980) to determine whether an amendment should be allowed. *International Horizons*, 751 F.2d at 1218. *Id.* These factors are:

(1) whether the bankrupt and creditors relied upon the IRS earlier proofs of claim or whether they had reason to know that subsequent proofs of claim would follow pending the completion of the audit.

(2) whether the other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing this amendment to the IRS proof of claim.

(3) whether the IRS intentionally or negligently delayed in filing the proof of claim stating the amount of corporate taxes due.

(4) the justification, if any, for the failure of the IRS to file for a time extension for the submission of further proofs of claim pending the audit.

(5) whether or not there are any other considerations which should be taken into account in assuring a just and equitable result.

*Id.*

The factual record is not sufficiently developed for the Court to apply these five factors. Accordingly, the Court concludes that summary judgment on this issue is inappropriate.

■■■ The Court will next consider Plaintiff's contention that the IRS has failed to provide sufficient documentation to support the claims at issue. A claim asserted in a proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[3] Thus, a proof of claim constitutes "... prima facie evidence of the validity and amount of the claim." Fed. R.Bankr.P. 3001(f). However, upon objection of a party in interest, the burden shifts to the claimant to prove his claim by a preponderance of the evidence. *See, e.g., In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y.1988).

■■■ The IRS has filed a number of Certificates of Assessments and Payments ("Certificates") in support of its claims. The IRS contends that these Certificates also constitute prima facie evidence of its claims and that Plaintiff bears the burden of proving that they are incorrect. A Certificate is presumptive proof of a valid assessment. *United States v. Chila*, 871 F.2d 1015, 1017–18 (11th Cir.1989). Outside of bankruptcy, the taxpayer normally bears the burden of proving the invalidity of a federal income tax assessment. *Helvering v. Taylor*, 293 U.S. 507, 514–15, 55 S.Ct. 287, 290–91, 79 L.Ed. 623 (1935); *Mays v. United States*, 763 F.2d 1295, 1297 (11th Cir.1985), *cert. denied*, 474 U.S. 998, 106 S.Ct. 416, 88 L.Ed.2d 365 (1985); *Cebollero v. Commissioner*, 967 F.2d 986, 990 (4th Cir.1992). As stated above, however, once a proof of claim is objected to, the claimant bears the burden of proving its validity. Two courts within the Eleventh Circuit have considered the apparent conflict created by these competing burdens and have concluded as follows. The filing of a proof of claim constitutes prima facie evidence of that claim. The debtor-taxpayer bears the burden of objecting to the proof of claim and producing evidence to refute the proof of claim. Once the debtor-taxpayer has met this burden, the IRS is then required to establish the validity and amount of its claim by a preponderance of the evidence. *In re Rasbury*, 130 B.R. 990, 1001 (Bankr.N.D.Ala.1991), *aff'd*, 141 B.R. 752 (N.D.Ala.1992). This conclusion is also in accord with decisions by the Fifth and Eighth Circuits and is adopted herein. *Gran v. IRS (In re Gran)*, 964 F.2d 822, 827 (8th Cir.1992); *California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696, 698 (5th Cir.1988). However, for purposes of this Motion, Plaintiff also bears the burden of showing the lack of a dispute of material fact and the invalidity of each IRS claim as a matter of law.

---

**3.** An objection to claim is ordinarily a contested matter. However, if an objection to claim is joined with a request for relief of the type specified in Bankruptcy Rule 7004, it must be brought as an adversary proceeding. Fed. R.Bankr.P. 3007. The Trustee requested that the Court subordinate the IRS' claims for penalties to unsecured claims. However, the Trustee has not addressed the issue of subordination in his Motion for Summary Judgment, and it will not be addressed by the Court.

■ Plaintiff has filed an Affidavit in which he states that Debtor's business operations terminated around the time of Plaintiff's appointment in February 1984, and after that date the Debtor had few or no employees. Accordingly, Plaintiff contends, there is no basis for the IRS' assessment of taxes after that date. Plaintiff also states in his Affidavit that CIT Corporation, one of Debtor's lenders, made a payment to the IRS for the purpose of satisfying part of Debtor's liability for FICA taxes for the third quarter of 1983 and that, pursuant to a court-approved agreement, CIT Corporation was reimbursed by the estate. Plaintiff has attached to his Statement of Undisputed Material Facts a purported copy of a Certificate issued by the IRS which reflects that Debtor made a payment of $122,318.00 to the IRS on August 25, 1988. Plaintiff asserts that the IRS' claim should accordingly be reduced by this amount. The Court finds that this testimony and exhibit have the effect of rebutting the prima facie validity of these claims. Thus, the burden has shifted to the IRS to prove the validity and amount of the claims.

■ Plaintiff additionally alleges in his brief that he has been unable to identify any income tax liability for the 1982 tax period and, therefore, objects to the IRS' claim for such. Plaintiff cites paragraph four of his Affidavit as evidence of this allegation. However, this paragraph is merely a general statement to the effect that Debtor does not owe $735,694.47, the entire amount of the IRS' claims. Accordingly, the Court concludes that this statement in Plaintiff's Brief is not supported by any evidence and is insufficient to rebut the presumption created by the IRS' Proofs of Claim.

■ Plaintiff states that the IRS' claim for $1,195.48 in FICA tax liabilities for the fourth quarter of 1981, plus $358.32 in interest and $472.21 in penalties is inconsistent with a purported copy of a Certificate which shows that the estate's FICA tax liabilities for the fourth quarter of 1981 is $0. It states that this claim should be disallowed. Plaintiff also notes certain inconsistencies between the IRS' claim for 1982 FUTA taxes and the Certificate filed for that period. This evidence is sufficient to shift the burden of proof to the IRS to show the amount and validity of this claim.

■ The IRS has also asserted, in the 1991 Proof of Claim, a claim for $11,269 in interest and penalties for FICA taxes for the fourth quarter of 1983, and $811.76 for penalties and interest for FICA taxes for the first quarter of 1984. Attached to Plaintiff's Brief are Certificates reflecting that the underlying taxes have been deposited with the IRS. Plaintiff asserts that there is no basis for the assessment of the penalties and interest. The Court finds that these Certificates have the effect of rebutting the prima facie validity of this claim. Thus, the burden has shifted to the IRS to prove the validity and amount of this claim.

■ While most of the evidence submitted by Plaintiff was sufficient to rebut the presumption created by the IRS' Proofs of Claim, the Court concludes that the evidence is insufficient to prove the absence of a material fact and Plaintiff's right, as a matter of law, for a judgment disallowing these claims. Accordingly, summary judgment is inappropriate and will be denied as to all issues. At trial, the IRS will bear the burden of proving that its claims for 1984 FUTA taxes and for FICA taxes for the first and fourth quarters of 1985 should be allowed as amendments under the five *Glamour Coat* factors. In addition, the IRS will bear the burden of proving the validity and amount of all the claims to which Plaintiff has objected and successfully shifted the burden of proof.

Accordingly, Plaintiff's Motion for Summary Judgment is hereby **DENIED**.

**IT IS SO ORDERED.**