[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12350
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00048-RBD-GJK


ROBIN BOUEY,

Plaintiff-Appellant,

versus

ORANGE COUNTY SERVICE UNIT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 21, 2016)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robin Bouey, proceeding pro se, appeals the district court's grant of summary judgment to Orange County Service Unit (OCSU) in her employment discrimination suit under Title VII, 42 U.S.C. § 2000e-2(a).  Bouey, a black female former employee of OCSU, alleges that she was discriminated against on the basis of race, age, and sex.  On appeal, Bouey argues that the district court erred when it failed to administer the proper test to determine whether OCSU, the Classroom Teachers Association (CTA), and the Orange Education Support Professionals Association (OESPA) qualify as joint employers or an integrated enterprise for purposes of the Title VII employee-numerosity requirement.  Bouey also argues that the district court should have granted her Federal Rule of Civil Procedure 60(b) motion for relief from judgment based on newly-discovered evidence and fraud.  After a careful review of the record and the parties' briefs, we affirm in part and dismiss for lack of jurisdiction in part.

## I.

We review a district court's order granting summary judgment de novo. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291 (11th Cir. 2012).  Summary judgment should be granted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue of fact is genuine unless "no reasonable jury could return a verdict in favor of the nonmoving party."  *Morton v. Kirkwood*, 707

2

F.3d 1276, 1284 (11th Cir. 2013) (internal quotation marks omitted).  A plaintiff's own "conclusory assertions . . . in the absence of supporting evidence, are insufficient to withstand summary judgment."  *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (per curiam).  A plaintiff cannot raise a new claim in response to summary judgment.  *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam).  The proper procedure is instead to amend the complaint.  *Id.*

Title VII prohibits employers from discriminating against their employees on the basis of race.  *See* 42 U.S.C. § 2000e-2(a).  However, Title VII limits the definition of "employer" to entities that have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  *Id.* § 2000e(b).  Our court has held that "only individuals who receive compensation from an employer can be deemed "employees" under the statute."  *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998).  For purposes of determining the existence of an employment relationship, we "look first and primarily to whether the individual in question appears on the employer's payroll."  *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 211, 117 S. Ct. 660, 666(1997).  The plaintiff is responsible for proving that there is the threshold number of employees for application of Title VII.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1245 (2006).

3

The district court did not err by granting summary judgment on Bouey's Title VII claims based on its finding that OCSU was not an "employer" for purposes of 42 U.S.C. § 2000e(b).  Bouey's claims, even when held to the less stringent standard applied to pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (per curiam), do not survive the standard for summary judgment.  OCSU's payroll records, which Bouey testified she believed were accurate, demonstrated that it never had more than 14 employees on its payroll at any point during the relevant time period.  *See Walters*, 519 U.S. at 211–12. [1]  Bouey's conclusory statement that more than 15 people worked for OCSU during the relevant time period was not enough, absent supporting evidence, to survive  the summary judgment standard.  *See Holifield*, 115 F.3d at 1564 n.6.  Furthermore, Bouey did not allege that OCSU, CTA, and OESPA are joint employers until her response to the motion for summary judgment.  That argument was therefore not properly before the district court.  *See GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1258 n.27 (11th Cir. 2012) ("It is well-settled in this circuit that a plaintiff may not amend the complaint through argument at the

---

[1] We recognize that the *Walters* Court found that payroll records alone were not dispositive, as one can appear on a payroll and yet not count as an employee if there is no agency relationship. Thus, Bouey could have alternatively proven that while employees were not listed on the payroll, there nevertheless existed an agency relationship.  However, she did not provide any evidence of this outside her conclusory statements.

summary judgment phase of proceedings."); *see also Gilmour*, 382 F.3d at 1315.[2]

Moreover, even if the allegation was properly before the district court, and the court agreed with Bouey's contentions that OCSU, CTA, and OESPA were her joint employers, Bouey never submitted evidence stating specifically how many employees the joint employer would have had and for what time periods they worked.[3]  Thus, no genuine issue of fact exists here.  *See* Fed. R. Civ. P. 56(a).

## II.

We review questions concerning jurisdiction de novo.  *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1269 (11th Cir. 2013).  Under Federal Rule of Appellate Procedure 3, the notice of appeal must "designate the judgment, order, or

---

[2] Bouey correctly notes that there is an exception to this rule, which allows courts to hear an unpreserved issue where "injustice might otherwise result."  *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S. Ct. 2868, 2877 (1976) (internal quotation marks omitted).  Our court recognizes that "a circuit court's power to entertain an argument raised for the first time on appeal is not a jurisdictional one; thus we *may* choose to hear the argument under special circumstances."  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004).  However, we find that there are no special circumstances justifying doing so in this case.

[3] Bouey's arguments in her response to OCSU's motion for summary judgment relied almost entirely on her own conclusory statements and two unclear affidavits.  The district court correctly noted that even a favorable reading of the submitted affidavits does not create a genuine issue of material fact.  *Bouey v. Orange Cty. Serv. Unit*, 2015 WL 1894278, at *3 n.4 (M.D. Fla. Apr. 27, 2015).  We agree with the district court, and conclude that at most, the affidavits identify two people that could have been included.  Taking the affidavits and conclusory statements as true, Bouey's proposed aggregated entity would have employed 15 or more people during only 18 weeks in 2010, 8 weeks in 2011, and 12 weeks in 2012.  The proposed aggregated entity thus does not satisfy the 20-week requirement under Title VII.

Also, for the first time on appeal, Bouey suggests that CTA had 31 employees, but "an appellate court, in reviewing a grant of summary judgment, can only review matters presented to the district court."  *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984).

5

part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). We have jurisdiction to "review only those judgments, orders, or parts thereof which are specified in an appellant's notice of appeal." *Weatherly*, 728 F.3d at 1271 (internal quotation marks omitted). We will not expand the notice of appeal "to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." *Id.* (internal quotation marks omitted).

Furthermore, in order to seek appellate review of a district court's order on a post-judgment motion, "the appealing party is required to file a separate notice of appeal or amend its original notice to designate the motion as subject to appeal." *Id.* (emphasis omitted); Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of [a motion for relief from judgment under Rule 60(b)] must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c) . . . . "). An appellant's failure to file a separate notice of appeal or amended notice of appeal as required by Federal Rule Appellate Procedure 4 defeats our appellate jurisdiction. *Weatherly*, 728 F.3d at 1272.

Bouey spends the bulk of her brief arguing that the district court should have granted her Rule 60(b) motion because of newly-discovered evidence and fraud. However, we lack jurisdiction to consider Bouey's arguments relating to her Rule 60(b) motion. Bouey filed a notice of appeal specifically designating the district court's grant of summary judgment as the order she desired to appeal, and we

6

cannot infer an overriding intent to appeal the denial of the Rule 60(b) motion because that denial came eight months after her notice of appeal.  *See McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986).  Moreover, Bouey never filed a new or amended notice of appeal regarding the district court's order denying her Rule 60(b) motion.  As she failed to comply with Rule 4, we lack jurisdiction to consider her Rule 60(b) arguments.  *See Weatherly*, 728 F.3d at 1272.

**AFFIRMED IN PART; DISMISSED FOR LACK OF JURISDICTION IN PART.**