[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13251

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEONTA LOWE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cr-00032-TES-CHW-1

_____

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Deonta Lowe appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Lowe argues that § 922(g)(1) is unconstitutional, in light of *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 17 (2022), because he says the statute proscribes conduct protected by the Second Amendment to the United States Constitution and is not consistent with the nation's tradition of firearm regulations.

We disagree. As we recently held in *United States v. Dubois*, *Bruen* did not abrogate our prior precedent holding that § 922(g)(1) does not violate the Second Amendment. *Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024). We are bound to follow that prior precedent. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Accordingly, we affirm Lowe's conviction.

## I.    BACKGROUND

In 2022, Lowe pled guilty to possession of a firearm by a convicted felon—in violation of 18 U.S.C. §§ 2, 922(g)(1), and 924(a)(1)—in exchange for the dismissal of all other charges on a fourteen-count superseding indictment. The district court accepted Lowe's plea and sentenced him to 120 months' imprisonment, followed by three years of supervised release. Lowe then appealed and argued that, based on a plain reading of the Second Amendment, his conviction should be vacated because § 922(g)(1) is unconstitutional.

## II.    STANDARD OF REVIEW

We review *de novo* the constitutionality of a statute. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). But when a defendant failed to raise the issue of the statute's constitutionality in the district court, we review the issue for plain error only. *Id.* "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted). "[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving" the issue. *United States v. Bolatete*, 977 F.3d 1022, 1036 (11th Cir. 2020) (quotation marks omitted).

Under the prior-precedent rule, we are required to follow a prior binding precedent unless the precedent is overruled by this Court *en banc* or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). "In addition to being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.*

## III.    DISCUSSION

The Second Amendment provides, "A well-regulated Militia, being necessary to the security of a free State, the right of the

people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

The right to keep and bear arms presumptively "belongs to all Americans," but is not unlimited. *District of Columbia v. Heller*, 554 U.S. 570, 581, 626 (2008). One such limitation, recognized in *Heller*, is the "longstanding prohibition[] on the possession of fire-arms by felons." *Id.* at 626.

In the aftermath of *Heller*, courts of appeals adopted a two-step test for Second Amendment challenges: (1) Determine whether the law in question regulates activity within the scope of the right to bear arms based on its original historical meaning and (2) if so, apply means-end scrutiny to test the law's validity. *Bruen*, 597 U.S. at 19.

*Bruen* scrapped the old two-step test courts of appeals had been applying. Instead, the Court explained, a historical inquiry governs Second Amendment challenges. 597 U.S. at 19. First, a court must ask whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment. *Id.* If so, the court then will uphold the regulation so long as the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.*

But even though *Bruen* explained the correct analysis of a Second Amendment challenge, it did not abrogate our previous holding that § 922(g)(1) does not violate the Second Amendment. *Dubois*, 94 F.4th at 1293. In *United States v. Rozier*, we held that §

922(g)(1) does not violate the Second Amendment.  598 F.3d 768, 770 (11th Cir. 2010).  Although we relied on *Heller*, we did not rely on means-end scrutiny to determine that 922(g)(1) is constitutional. *Rozier*, 598 F.3d at 770–71.  Rather, we held that felons who fit the criteria of § 922(g)(1) are not "*qualified* to possess a firearm" in the first place.  *Id.* (emphasis in original).

Then, in *Dubois*, we heard another challenge to the constitutionality of § 922(g)(1) in the aftermath of *Bruen* and we again upheld the statute, relying on *Rozier*.  *Dubois*, 94 F.4th at 1293.  Because *Rozier* upheld § 922(g)(1) "on the threshold ground that felons are categorically 'disqualified' from representing their Second Amendment right under *Heller*," *Bruen*'s rebuke of the old two-step test was not "both 'clearly on point' and 'clearly contrary to' our earlier decision" to the extent necessary to abrogate our previous holding.  *Dubois*, 94 F.4th at 1293 (quoting *Edwards v. U.S. Att'y Gen.*, 56 F.4th 951, 965 (11th Cir. 2022)).  As the holding in *Rozier* bound us in *Dubois*, the holding in *Dubois* now binds us in the current case.  *See id.*

The Supreme Court's subsequent decision in *United States v. Rahimi* did not abrogate our prior precedent, either.  *See* 144 S. Ct. at 1901–02.  In *Rahimi*, the Supreme Court upheld 18 U.S.C. § 922(g)(8), which prohibits the possession of a firearm by a person subject to a restraining order that "includes such a finding that such a person represents a credible threat to the physical safety of such intimate partner or child," because surety and going armed laws of the 18th century similarly "restrict[ed] gun use to mitigate

demonstrated threats of physical violence." *Id.* at 1901. Nothing in *Rahimi*—which upheld a limitation on possession of firearms—squarely abrogates our precedent in *Rozier* or *Dubois*.

Finally, Lowe refers in his reply brief to an as-applied challenge, but he did not make that argument in his initial brief and has therefore abandoned that challenge. *See United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court."). So we do not consider any argument that § 922(g)(1) is unconstitutional as applied to Lowe.

## IV.    CONCLUSION

The district court did not err when it accepted Lowe's guilty plea because *Dubois* and *Rozier* foreclose his constitutional challenge. *See Dubois*, 94 F.4th at 1293. Neither *Bruen* nor *Rahimi* squarely abrogates *Rozier* or *Dubois*. Accordingly, we affirm.

**AFFIRMED.**