**FRANK C. BAILEY ENTERPRISES, INC., Plaintiff-Appellant,**

v.

**CARGILL, INCORPORATED, a corporation, Defendant-Appellee.**

No. 78–1423

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 3, 1978.

J. Earl Smith, Dothan, Ala., for plaintiff-appellant.

J. Huntley Johnson, Dothan, Ala., Ben Kirbo, Bainbridge, Ga., for defendant-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM.

The sole issue raised on appeal is whether the district court correctly granted the defendant-appellee's motion for summary judgment.

We have reviewed the record and find that the appellee carried its burden of showing that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). Once the movant has carried this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Civ.P. 56(e). If the non-moving party does not do so, summary judgment for the movant is proper. *Oglesby v. Terminal Transport Co.*, 543 F.2d 1111, 1112 (5th Cir. 1976); *Sweet v. Childs*, 507 F.2d 675, 679 (5th Cir. 1975). In this case, the appellant's allegations and denials failed to establish that there was a genuine issue for trial. The district court, therefore, properly granted summary judgment for the appellee.

On appeal, counsel for appellant sets forth additional allegations in an attempt to show that there was in fact a genuine issue for trial. However, an appellate court, in reviewing a summary judgment order, can only consider those matters presented to the district court. *Munoz v. International Alliance*, 563 F.2d 205 (5th Cir. 1977); *Garcia v. American Marine Corp.*, 432 F.2d 6, 8 (5th Cir. 1970). Accordingly, we disregard the appellant's additional allegations and affirm the judgment below.

AFFIRMED.