■ GREEN POINT SAVINGS BANK, Respondent, v PETER TAYLOR et al., Defendants, and BARBARA TAYLOR, Appellant. — In a mortgage foreclosure action, defendant Barbara Taylor appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated May 5, 1980, which denied her motion to, *inter alia,* vacate the judgment of foreclosure as against her upon the ground that she had not been served with process and that the court therefore lacked jurisdiction over her person. The appeal brings up for review so much of an order of the same court, dated June 20, 1980, as, upon granting reargument, adhered to the original determination. Appeal from the order dated May 5, 1980, dismissed as academic, without costs or disbursements. Said order was superseded by the order dated June 20, 1980, made on reargument. Order dated June 20, 1980 reversed, insofar as reviewed, without costs or disbursements, order dated May 5, 1980 vacated, and matter remanded to the Supreme Court, Suffolk County, for a hearing in accordance herewith. Following the entry of a default judgment in this action to foreclose a mortgage, the appellant Barbara Taylor moved to vacate the judgment as against her upon the ground that she had not been served with process. In her moving affidavit, appellant asserted that the affidavit of service filled out by the process server had given a description of the person served which was completely different from that of herself. In addition, she asserted that at the time of the alleged service, she was at her place of employment in New York City and therefore could not have been served as sworn to in the affidavit of the process server. Appellant denied ever having received any summons at any time in any manner. The affirmation of an attorney associated with the firm representing the plaintiff was submitted in opposition to the motion, in which he stated: "Your Affirmant cannot assure the validity of the service except to indicate that I have spoken to the Process Server who assured me of its propriety. The question of the validity of service however is academic, since the true issue here is not one of service but one of payment". Special Term denied the original motion without holding a hearing, apparently upon a review of the foregoing papers and an examination of the process server's affidavit of service, stating that "the Court is satisfied that personal service was made upon the defendant, Barbara Taylor". The appellant then moved for reargument, again alleging that she had never been served. She went on to explain that the affidavit of the process server alleged that service was made upon her in Wyandanch, New York, at 10:20 A.M. on Monday, July 31, 1978. She averred that on that date she left home for work, took a Long Island Rail Road train at 8:47 A.M., and arrived at her office in Manhattan at 10:13 A.M., which time was imprinted on her time card. Annexed to her affidavit was a letter from her employer verifying the fact that she clocked in at 10:13 A.M. and remained for the full working day. In opposition, the plaintiff's attorney asserted that the appellant had alleged nothing new to require the court to change its original decision. Special Term, in effect, granted reargument and thereupon adhered to its original determination. Special Term erred in failing to hold a hearing on the issue of whether appellant Barbara Taylor was properly served with process. The sworn denial by the appellant that she had been served requires a hearing to determine whether she was in fact served. "The affidavit of service * * * is not conclusive once there has been a sworn denial of receipt" (*Empire Nat. Bank v Judal Constr. of N. Y.,* 61 AD2d 789, 789-790). The burden of proving jurisdiction is upon the party asserting it and when challenged that party must sustain that burden by preponderating evidence (*Jacobs v Zurich Ins. Co.,* 53 AD2d 524; see, also, *Saratoga Harness Racing Assn. v Moss,* 26 AD2d 486, 490, affd 20 NY2d 733; *Weinberg v Hillbrae Bldrs.,* 58 AD2d 546). Accordingly, the case must be remitted to Special Term for a hearing at which time it can be

determined whether or not appellant was ever served with process. Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.