■ DIME SAVINGS BANK OF NEW YORK, Respondent, v EVAN STEINMAN et al., Appellants, et al., Defendants. [613 NYS2d 945] —In a mortgage foreclosure action, the defendants Evan Steinman and Donna Steinman appeal from (1) an order of the Supreme Court, Nassau County (Saladino, J.), dated October 16, 1992, which denied their motion to vacate a judgment of foreclosure and sale entered upon their default in answering the complaint, and (2) an order of the same court, dated February 3, 1993, which denied their motion for reargument.

Ordered that the appeal from the order dated February 3, 1993, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 16, 1992, is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether proper service was made upon the appellants in accordance with the requirements of CPLR 308 (2); and it is further,

Ordered that the appellants are awarded one bill of costs.

The sworn denials of the appellants that they had been served with process pursuant to CPLR 308 (2), as alleged by the plaintiff's process server, requires a hearing to determine whether they were in fact properly served *(see, Green Point Sav. Bank v Taylor,* 92 AD2d 910). "The affidavit of service * * * is not conclusive once there has been a sworn denial of receipt" *(Empire Natl. Bank v Judal Constr.,* 61 AD2d 789, 789-790). Accordingly, the Supreme Court erred in failing to hold a hearing on the issue of whether the appellants were properly served with process pursuant to CPLR 308 (2). The "burden of proving jurisdiction is upon the party asserting it and when challenged that party must sustain that burden by preponderating evidence" *(Green Point Sav. Bank v Taylor, supra,* at 910; *Jacobs v Zurich Ins. Co.,* 53 AD2d 524; *see also, Saratoga Harness Racing Assn. v Moss,* 26 AD2d 486, 490, *affd* 20 NY2d 733; *Weinberg v Hillbrae Bldrs.,* 58 AD2d 546). Under these circumstances, the case must be remitted to the Supreme Court for a hearing, at which time it can be determined whether or not the appellants were ever properly served with process pursuant to CPLR 308 (2). Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.