■ OCI Mortgage Corp., Respondent, v Saleha Omar, Appellant, et al., Defendants. [648 NYS2d 175] —In a mortgage foreclosure action, the defendant Saleha Omar appeals from an order of the Supreme Court, Queens County (Price, J.), dated December 21, 1995, which denied her motion to vacate a judgment of foreclosure and sale dated July 28, 1995, entered upon her default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether proper service of the summons and complaint was made upon the appellant in accordance with the requirements of CPLR 308 (2) and a de novo determination of the appellant's motion.

The Supreme Court erred in failing to hold a hearing on the issue of the propriety of personal service upon the appellant since the appellant has raised an issue of fact with respect to

the service of the summons and verified complaint. The burden of proving jurisdiction is upon the party asserting it and when challenged that party must sustain that burden by a preponderance of the credible evidence (*see, Fosella Bldrs. & Gen. Contrs. v Silver,* 208 AD2d 525, 526; *Dime Sav. Bank v Steinman,* 206 AD2d 404). An affidavit of service is not conclusive once there is a sworn denial of receipt (*see, Empire Natl. Bank v Judal Constr.,* 61 AD2d 789). The appellant denies that the person upon whom process was served pursuant to CPLR 308 (2) was her cousin. Furthermore, although the appellant is a woman, the process server's affidavit indicates that the person he served informed him that the appellant was male. Thus, factual issues have been raised which require a hearing to be held (*see, Green Point Sav. Bank v Taylor,* 92 AD2d 910). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.