■ DAVID P. WEISS et al., Appellants, v OLIVET CHOU, Respondent, et al., Defendants. [651 NYS2d 587] —In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated January 4, 1996, which (1) denied their motion to dismiss the defendant Olivet Chou's affirmative defenses of lack of personal jurisdiction, and (2) granted the defendants' cross motion to the extent of awarding summary judgment to the defendant Olivet Chou dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiffs moved to dismiss the defendant Olivet Chou's affirmative defenses alleging lack of personal jurisdiction because of the absence of a basis for the exercise of long-arm jurisdiction and based upon improper service of process. The plaintiffs claimed that they were the intended third-party beneficiaries of a settlement agreement between, among others, Chou and Starnet Structures, Inc., reached in an unrelated action which Chou had instituted in the United States District Court for the Eastern District of New York. The defendants

cross-moved for summary judgment, asserting that the plaintiffs were not intended third-party beneficiaries of the settlement agreement (*see, Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336), the present action was not an action for enforcement of that agreement, and Chou did not otherwise have sufficient contacts with the State to subject him to long-arm jurisdiction. Chou averred in an affidavit that he was a resident of California.

The plaintiffs bore the burden of establishing personal jurisdiction (*see, Dime Sav. Bank v Steinman*, 206 AD2d 404, 405; *Connell v Hayden*, 83 AD2d 30, 34-35). Since they failed to offer any admissible evidence that they were the intended third-party beneficiaries of the settlement agreement or that Chou had sufficient contacts with the State of New York to subject him to the court's jurisdiction, the complaint was properly dismissed insofar as it was asserted against Chou. Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.