**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-31127

FEDERAL DEPOSIT INSURANCE CORPORATION
as Receiver for  New Orleans Federal
Savings and Loan Association,

Plaintiff-Appellee,

versus

HARRY LEE, Sheriff and Ex-Officio Tax Collector
for the Parish of Jefferson, and
McNAMARA INVESTMENT CORPORATION,

Defendants-Appellants.

Appeals from the United States District Court
for the Eastern District of Louisiana

December 29, 1997

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

This is an appeal of an order of summary judgment entered by the district court.  The district court held that appellee was deprived of its due process right to notice before the tax sale of its property.  In the district court, appellants argued that neither appellee's due process nor its property rights were diminished by the tax sale at issue.  For the following reasons we affirm the judgment below.

## BACKGROUND

The pertinent facts in this case are not disputed. In the 1980s, I Twelve Partnership (I-12) was the owner of certain real estate located in Jefferson Parish, Louisiana, which was mortgaged in favor of New Orleans Federal Savings and Loan Association (New Orleans Federal). The collateral mortgage was duly recorded in the public records of Jefferson Parish. In 1986, New Orleans Federal was declared insolvent, and the Federal Savings and Loan Insurance Corporation (FSLIC) was appointed receiver. In 1988, FSLIC obtained a judgment in its favor and became judicial mortgagee of the property, which was filed in the public records of Jefferson Parish. FSLIC filed a request for notice of foreclosure under La. Rev. Stat. Ann. § 13:3886, but did not request notice of a tax delinquency under La. Rev. Stat. Ann. § 47:2180.1.

By federal statute, the FSLIC was abolished, and the Federal Depository Insurance Corporation (FDIC) replaced FSLIC as receiver for New Orleans Federal.

In May 1991, Harry Lee, Sheriff and Ex-Officio Tax Collector for Jefferson Parish, transferred the property to McNamara Investment Corporation (MIC) at a tax sale for the nonpayment of taxes for 1990. Notice of a tax delinquency was mailed to I-12, the property owner, but not to the FDIC, FSLIC, or New Orleans Federal, the current and previous holders of the collateral mortgage. The public records did not show that FDIC was listed as successor to FSLIC's interests. Soon after the tax sale, MIC informed FDIC of the tax sale and inquired whether FDIC would be filing for redemption of the property. According to MIC, FDIC indicated that it was not going to repair or maintain the property and that it did not intend to redeem the property.

2

A little over three years following the sale, in July 1994, FDIC filed a writ of mandamus in state court to compel Sheriff Lee to issue a redemption deed to FDIC for the property. The state court denied and dismissed the writ of mandamus, stating that FDIC had not reimbursed MIC for maintenance and repair of the property prior to redemption as required by La. Rev. Stat. Ann. 47:2222. FDIC subsequently filed this action in the district court, seeking to have the court declare the tax sale null and void as a violation of FDIC's constitutional due process right to notice before the sale.

The district court decided the matter by summary judgment, and ruled in favor of FDIC, stating that it had been deprived of its constitutional due process right to notice required under Mennonite Bd. of Missions v. Adams, 462 U.S. 791 (1987). The court declared the tax sale null and void. MIC filed a motion for new trial or, alternatively, to alter and amend the judgment under Fed. R. Civ. P. 59(b), (e), which the district court denied. MIC and Lee timely appealed the judgment.

## STANDARD OF REVIEW

We review the grant of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). The same summary judgment standard that applies to the district court applies to this Court. Summary judgment is warranted when the record, as a whole, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322 (1986). The facts of this case were not disputed, leaving only a determination of law for this Court.

## DISCUSSION

3

Appellants, MIC and Lee, argue on appeal that (1) FDIC, as a government agency, does not have a due process right under the Fifth or Fourteenth Amendments, (2) even if FDIC does have a due process right to notice prior to the tax sale, such right was not violated in this case, because FDIC failed to request notice under La. Rev. Stat. Ann. 67:2180.1, and because its name was not reasonably ascertainable, and (3) FDIC's property rights were not diminished or prejudiced by the tax sale. Appellant Lee also argues that FDIC's claim to annul the tax sale should have been brought with its writ of mandamus action filed in state court, and is therefore barred by res judicata. Both appellants assert that 12 U.S.C. § 1825(b)(2) is not available to the FDIC on appeal because the statutory ground was not argued below[1] and the scope of the statute is inapplicable to the facts before us.

Appellee, reiterates its due process argument made to the district court while advancing an alternative argument that the tax sale at issue in this case was void because it was in violation of 12 U.S.C. § 1825(b)(2) which requires that the Sheriff obtain the FDIC's consent before proceeding with the sale. The statute states in pertinent part:

> No property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without consent of the Corporation, nor shall any involuntary lien attach to the property of the Corporation.

Before addressing the applicability of the statute, we must first note that appellants correctly assert that the district court did not consider § 1825's viability. Although the statute was plead in FDIC's first Amended Complaint, it is undisputed that FDIC did not assert the statute's applicability

---

[1]The record reflects that FDIC/Receiver raised § 1825 in its first Amended Complaint, which was filed on August 21, 1995. Appellant Lee answered FDIC's first Amended Complaint on September 12, 1995; MIC answered it on October 10, 1995. On May 7, 1996, MIC also was granted leave to file an Amended Answer to FDIC's first Amended Complaint. The district court did not grant summary judgment until July 12, 1996.

before the district court during the summary judgment proceedings. Instead, FDIC urged as its principal argument the proposition that, as a governmental agency, it enjoyed a constitutional due process right which had been violated by state procedures. The district court granted summary judgment based on the constitutional due process argument. While it is the settled law of our circuit that the district court should have the first opportunity to address all of the issues contained in the appeal, this usually controlling precept has less force when the case turns on a statutory point of law subject to our de novo review and there are no countervailing reasons warranting remand to the district court.

This Court has previously considered a summary judgment case involving the FDIC as appellee where a somewhat similar procedural scenario was presented. In FDIC v. Laguarta, 939 F.2d 1231 (5th Cir. 1991), the FDIC's motion for summary judgment was granted by the district court based on its principal argument that the D'Oench Duhme doctrine foreclosed Laguarta's defense. Apparently prescient that its D'Oench Duhme contention had an "Achilles' heel," the FDIC sought to fortify its appellate posture by raising, via a supplemental brief filed on the eve of oral argument, three additional grounds for affirming the district court's summary judgment. After holding that the FDIC's D'Oench Duhme defense was not applicable to the dispute, this Court concluded after reviewing the sparse record, that the remaining issues related to Laguarta's defenses to the main demand and to the FDIC's cross claim contained unresolved material facts sufficient to preclude entry of summary judgment in favor of FDIC. Before remanding the case to the district court to proceed anew, the panel paused to determine the ancillary question of whether the new legal issues raised by the FDIC on appeal should be considered.

Judge Garwood, writing for the Court opined:[2]

>     We hold that it would not be proper under the circumstances of this case to affirm a summary judgment on these grounds that were neither raised below by the Receiver [FDIC] nor even raised *sua sponte* by the district court. It is true that we may affirm a summary judgment on a ground not relied upon by the district court. This Court has clearly held, however, that it will generally not consider a new ground on appeal raised by an appellant in opposition to summary judgment. The same should apply to new grounds raised by an appellee in defense of summary judgment where the parties were not afforded an opportunity to develop the issue below, and it was not implicit or included in the issues or evidence tendered below, so that the party was not on notice of the need to meet it, and the record appears not to be adequately developed in that respect. Laguarta, 939 F.2d at 1240 (citations omitted).

Judge Garwood's careful opinion, while holding firmly to the general rule counseling against our considering new grounds on appeal that were not raised or considered by the district court, astutely observed that the general rule need not always apply if the circumstances warrant to the contrary. At footnote 20 of Laguarta, the door for an exception to the general rule was purposely left open, to wit: "We do not suggest that if the issues were implicit or included in those raised below or the evidence in support thereof, or if the record appears to be adequately developed in respect thereto, that affirmance may not rest thereon."

The FDIC's presence in the instant case as appellee, as it was in Laguarta, does not make us chary to apply the aforementioned exception to the unique circumstances before us. Unlike those presented in Laguarta, the claims at issue in the instant case are straightforward and without any

---

[2]While surveying the law of different jurisdictions, Judge Garwood found that other circuits are in agreement with this proposition. See Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1537 (D.C. Cir. 1984) (en banc) (citing Frank C. Bailey Enterprises, Inc. v. Cargill, Inc., 582 F.2d 333, 334 (5th Cir. 1978), vacated on other grounds, 471 U.S. 1113 (1985); Charbonnages de France v. Smith, 597 F.2d 406, 416 & n.9 (4th Cir. 1979) (dictum); Box v. A & P Tea Co., 772 F.2d 1372, 1376 (7th Cir. 1985) (citing Frank C. Bailey, supra), cert. denied, 478 U.S. 1010 91986); see also Arlinghaus v. Ritenour, 622 F.2d 629, 638 (2d Cir.), cert. denied, 449 U.S. 1013 (1980). But see Paskaly v. Seale, 506 F.2d 1209, 1211 n.4 (9th Cir. 1974) (appellate court can affirm on any ground supported by the record and discussed in the appellate court briefs).

evidentiary contentions by either side. The FDIC raised § 1825 before the district court in its first Amended Complaint, on August 21, 1995, almost one year prior to the district court's entry of summary judgment on July 12, 1996. Thus, judgment was entered well after Lee and MIC answered the Amended Complaint. The potential relevance of § 1825 to the question of whether the tax sale was null and void was explicitly raised by the pleadings, notwithstanding the absence of argument thereon at summary judgment. Moreover, in spite of the state of the pleadings, the legitimate concern that appellees might have been blindsided by the FDIC's alternative argument on appeal was dispelled by this Court's ordering of supplemental briefing addressing the applicability vel non of § 1825 to the instant dispute. The absence of any factual dispute was made even clearer by the supplemental briefs. Unlike the scenario in Laguarta, there are no tangled defenses and cross-claims to be unraveled by the district court, such that a remand would clearly be in order. It is undisputed that the record is fully developed. Additionally, prudent use of judicial resources favors our exercise of plenary review over the purely legal claim advanced by the FDIC.

We hold that for the forgoing reasons it would be proper under the circumstances of this case to affirm summary judgment on the statutory grounds asserted by the FDIC on appeal should we determine that the scope of the statute is controlling. Having determined that remand is not warranted in this case, we turn to consider the statute's force.

If FDIC's position on this question is correct there is no occasion to reach the constitutional issues presented by appellants. See Dandridge, 397 U.S. at 475-76; Schweiker v. Hogan, 457 U.S. 569, 584 (1982) ("where a party raises both statutory and constitutional arguments in support of a judgment, ordinarily we first address the statutory argument in order to avoid unnecessary resolution of the constitutional issue").

7

Section 1825(b)(2) of Title 12 was enacted to prevent the state from enforcing the collection of taxes so as to destroy pre-existing federal liens in the absence of the consent of the federal government. Matagorda County v. Russell Law, 19 F.3d 215, 219 (5th Cir. 1994). The mandate of 12 U.S.C. § 1825(b)(2) applies in all situations in which the FDIC is acting as receiver. See 12 U.S.C. § 1825(b). Further, this Court has previously found that the meaning of the statute is plain, that a lien held by the FDIC is "property" within the meaning of the statute, and that said lien cannot be extinguished through a tax sale conducted without the consent of the FDIC. Matagorda County, 19 F.3d 215 at 220-23; see also Donna Indep. Sch. Dist. v. Balli, 21 F.3d 100 (5th Cir. 1994). The force of the statute's prohibition of foreclosures without FDIC consent is equally applicable to tax sales. We, therefore, hold that 12 U.S.C § 1825(b)(2) applies in the instant case and that the tax sale conducted by Jefferson Parish is null and void. It is, thus, unnecessary for this Court to reach the constitutional issues presented by appellants MIC and Lee.

CONCLUSION

The controlling principle of this case is that 12 U.S.C. § 1825(b)(2) represents the express will of Congress that the FDIC must consent to any deprivation of property initiated by a state. Given the particular circumstances presented here we need not ignore this express statutory pronouncement merely because it was not prioritized in the summary judgment proceedings below. Because our review is plenary and there are no disputed issues of material fact, we hold that the tax sale at issue

was conducted without the consent of the FDIC.  Accordingly, the tax sale violated 12 U.S.C. § 1825(b)(2) and thus is null and void.[3]  Summary judgment is AFFIRMED.

---

[3]Notwithstanding our holding nullifying the tax sale, we note in passing that the equities in this case favor MIC's claim for reimbursement for the costs of maintenance, repair and improvements to the property.