■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent, v JOSEPH WALSH et al., Defendants. PAUL PALMIERI, Nonparty Appellant. [686 NYS2d 811] —In an action to foreclose a mortgage, nonparty Paul Palmieri, the successful bidder at a first foreclosure sale, appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated December 22, 1997, which granted the plaintiff's motion to direct the Referee to turn over the appellant's deposit to the plaintiff.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith.

The plaintiff commenced this action in December 1992 to foreclose a mortgage on a house in Brentwood, New York. The mortgagor defaulted in the action, and a judgment of foreclosure and sale was entered against him. At a public auction conducted on December 14, 1995, the appellant, nonparty Paul Palmieri, successfully bid $65,200 for the property, and tendered a 10% deposit to the Referee. Under the terms of sale, if the successful bidder failed to complete the purchase and the property was resold at a second auction, the first bidder would be liable for any deficiency between his bid and the amount

obtained at resale, and for "any costs or expenses occurring on such resale". Shortly after the sale, the appellant raised an objection to title based upon the manner in which the auction had been conducted, and he failed to appear at the scheduled closing. A resale was conducted on September 9, 1997, and the plaintiff mortgagee successfully bid $80,000 for the premises. Following the second sale, the Referee submitted a report calculating that a deficiency of $6,503.53 was due to the plaintiff. The plaintiff then moved to direct the Referee to turn over the appellant's $6,200 deposit to satisfy this deficiency, and the Supreme Court granted the motion.

The Supreme Court erred in directing the Referee to turn over the appellant's deposit to the plaintiff. Although the court has the equitable power to compel a defaulting purchaser " 'to do what is proper towards protecting the parties to the action and preventing them from sustaining loss in consequence of the wrongful act of the purchaser in refusing to complete the purchase' " (*National Bank v Van Keuren,* 184 AD2d 92, 97, quoting *State Bank v Wilchinsky,* 128 App Div 485, 491), here there has been no determination that the appellant wrongfully refused to complete the purchase. In view of the fact that the appellant's sworn statements raise a colorable objection to the manner in which the first foreclosure sale was conducted (*see, Wayman v Zmyewski,* 218 AD2d 843), the court must conduct a hearing to resolve the issue of whether his failure to complete the purchase was wrongful. Furthermore, in the event that the court determines that the appellant wrongfully refused to complete the purchase, the court must determine what "costs or expenses occurring on * * * resale" the appellant can be held liable for. In this regard, we note that since the bid at the second sale was $14,800 higher than the bid at the first sale, the appellant's deposit can only be retained to the extent that the costs and expenses occurring on resale may exceed this surplus. Moreover, the costs and expenses occurring on resale must be limited to sums directly attributable to the delay in selling the property caused by the appellant's actions. S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.