■ IRENE KANERIS, Respondent, v MARIA MANTIKAS, Appellant, et al., Defendant. [706 NYS2d 719] —In an action to recover damages for personal injuries, the defendant Maria Mantikas appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (Dunne, J.), entered May 27, 1999, as granted that branch of the plaintiff's motion which was for leave to enter judgment against her upon her default in appearing or answering, and (2) an order of the same court dated September 14, 1999, as denied her motion, in effect, for renewal.

Ordered that the order dated September 14, 1999, is reversed insofar as appealed from, on the law, the appellant's motion for renewal is granted, and, upon renewal, the order entered May 27, 1999, is vacated to the extent that it granted that branch of the plaintiff's motion which was for leave to enter a judgment against the appellant upon her default in appearing or answering, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether proper service of the summons and complaint was made upon the appellant in accordance with the requirements of CPLR 308 (2); and it is further,

Ordered that the appeal from the order entered May 27,

1999, is dismissed in light of our determination of the appeal from the order dated September 14, 1999; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court erred in failing to hold a hearing on the issue of the propriety of personal service of the summons and complaint upon the appellant since the appellant has raised an issue of fact as to her residence at the time service was affected (*see, OCI Mtge. Corp. v Omar,* 232 AD2d 462; *Greenpoint Sav. Bank v Mione,* 213 AD2d 375). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.