■ CDS Recoveries, L. L. C., Respondent, v Nora M.E. Davis et al., Defendants, and Marie Meyer, Appellant. [715 NYS2d 517] —Cardona, P. J. Appeal from an order of the Supreme Court (Coutant, J.), entered December 21, 1999 in Broome County, which, *inter alia*, granted plaintiff's motion for summary judgment.

In February 1982, defendant Nora M.E. Davis executed a note and mortgage in favor of Goldome Bank, formerly known as Buffalo Savings Bank (hereinafter Goldome), secured by real property located in the Town of Vestal, Broome County. The mortgage was duly recorded in the office of the Broome County Clerk. Following Davis' default, Goldome commenced a foreclosure action and, in December 1988, obtained a judgment of foreclosure against the property; however, no sale was conducted at that time. Goldome subsequently ceased operations and Davis filed for bankruptcy. On July 2, 1992, the Federal Deposit Insurance Company (hereinafter the FDIC) was designated the receiver of Goldome and notice to that effect was published in the Federal Register.

Meanwhile, defendant County of Broome commenced a tax foreclosure proceeding against the subject property and, in March 1993, acquired title via a tax deed. In June 1995, the County conveyed the property to defendant Marie Meyer (hereinafter defendant) who, in turn, conveyed the property to defendants Raymond Agnew and Lynn Agnew. The Agnews reconveyed the property to defendant in February 1998. In June 1998, the FDIC assigned its interest in the judgment of foreclosure and mortgage to plaintiff.

In November 1998, plaintiff moved in the Goldome foreclosure action for the appointment of a successor Referee to sell the property pursuant to the judgment of foreclosure. In response to Supreme Court's denial of that motion, plaintiff, in March 1999, commenced the instant declaratory judgment action seeking, *inter alia*, an adjudication that its rights under the judgment of foreclosure were not extinguished by the tax sale. Following joinder of issue, plaintiff and defendant each moved for summary judgment. Upon concluding that the FDIC had not consented to the County's conveyance of the property to defendant as required under 12 USC § 1825 (b) (2), Supreme Court, *inter alia*, granted plaintiff's motion and voided the tax sale, resulting in this appeal.

Initially, we do not find that plaintiff's action is barred by ei-

ther the two-year Statute of Limitations contained in RPTL 1137 or the six-year Statute of Limitations contained in CPLR 213. While RPTL 1137 provides that no action or proceeding may be brought to set aside a deed given in connection with a tax foreclosure proceeding unless it is commenced within two years of the date of the recording of such deed, the instant declaratory judgment action is not an action or proceeding to set aside a tax deed. Rather, it was commenced for the purpose of adjudicating plaintiff's rights to the property under the judgment of foreclosure as compared to the rights of other defendants. Therefore, we find that RPTL 1137 is inapplicable.

Turning to the "catch-all" six-year Statute of Limitations set forth in CPLR 213 (1), we note that CPLR 213 (4), which contains the same limitations period, is the appropriate provision herein since it applies to actions commenced by receivers of failed financial institutions and their assignees to recover assets and begins to run from the date of the appointment of the receiver (*see, Federal Fin. Co. v Levine*, 248 AD2d 25, 27). Significantly, the FDIC was appointed receiver on July 2, 1992 during the pendency of Davis' bankruptcy proceeding which began on March 6, 1989 and continued until a discharge was issued on August 2, 1993. The bankruptcy proceeding effectively tolled the limitations period (*see*, 11 USC § 362 [c]; CPLR 204 [a]). Inasmuch as the action was commenced in March 1999, less than six years from the termination of the bankruptcy proceeding, it was timely.

Addressing the merits, Supreme Court properly concluded that plaintiff's interest in the subject property was not extinguished by the tax sale since the FDIC did not consent to it. Under Federal law, "the [FDIC], when acting in its capacity as receiver, is exempted from the extinguishment of its property interests through sale, foreclosure, or levy" (*Cambridge Capital Corp. v Halcon Enters.*, 842 F Supp 499, 501). In this regard, 12 USC § 1825 (b) (2) states that "[n]o property of the [FDIC] shall be subject to levy, attachment, garnishment, foreclosure, or sale *without the consent of the [FDIC]*, nor shall any involuntary lien attach to the property of the [FDIC]" (emphasis supplied).

Notably, in July 1992, the FDIC promulgated a policy statement which provides guidance with respect to the circumstances under which the FDIC is deemed to have consented to the foreclosure of an involuntary lien (*see*, 57 Fed Reg 29491). According to the policy statement, "[i]f the [FDIC's] interest is not of record, the [FDIC] hereby grants its consent under 12 U.S.C. 1825 (b) (2) as to any foreclosure by the holder of any

bona fide lien which encumbers such property" (*id.*, at 29492). Significantly, the policy statement indicates that the FDIC's interest is considered "of record" if: "such interest appears vested in the [FDIC] in its corporate capacity or as receiver for a financial institution in the public land records in accordance with local law, *or such interest appears vested in a financial institution for which the [FDIC] has been appointed receiver in the public land records in accordance with local law and the [FDIC] has published notice in the Federal Register that it has been appointed receiver for that financial institution*" (*id.*, at 29492 [emphasis supplied]).

Defendant contends that because the FDIC's interest was not apparent from a search of the records of the Broome County Clerk conducted in connection with the tax sale, it is deemed to have consented to the sale. We cannot agree. According to the policy statement, all that is required in order for the FDIC's interest to be considered "of record" is that the Goldome mortgage be recorded with the Broome County Clerk and notice of FDIC's receivership be published in the Federal Register. Since both of these requirements were met, the FDIC's interest was "of record" and its consent to the tax sale was necessary in order to extinguish its interest in the subject property (*see, Federal Deposit Ins. Corp. v Lee*, 130 F3d 1139, 1143; *Simon v Cebrick*, 53 F3d 17, 22). Inasmuch as plaintiff is the FDIC's assignee, "it is entitled to claim the protections equivalent to those available to the FDIC" (*Beal Bank, SSB v Nassau County*, 973 F Supp 130, 132). Accordingly, the sale was properly voided. We have considered defendant's remaining arguments and find them unpersuasive.

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.