■ RAVEN PORTFOLIO, L. L. C., Appellant, v CITY OF WATERTOWN et al., Respondents, et al., Defendants, and RICHARD O. FLECHTNER, Intervenor-Respondent. [719 NYS2d 911] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying plaintiff's motion for partial summary judgment on the second cause of action in the second amended complaint. It is undisputed that defendant City of Watertown (City) conducted the foreclosure proceedings and tax sale at issue without the consent of the Federal Deposit Insurance Corporation (FDIC). Pursuant to 12 USC § 1825 (b) (2), "No property of the [FDIC] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FDIC], nor shall any involuntary lien attach to the property of the [FDIC]." Consequently, the City's foreclosure proceedings and tax sale must be voided, and the City's quit claim deed to defendant Andrew F. Fiumano is invalid as against the FDIC (*see, Beal Bank v Nassau County,* 973 F Supp 130, 133). Contrary to the City's contention, plaintiff, as the FDIC's assignee, may seek to void the tax sale pursuant to 12 USC § 1825 (b) (2). "It is axiomatic that an assignee takes all of the rights of an assignor, no greater and no less" (*Beal Bank v Nassau County, supra,* at 134). As an assignee, plaintiff became a successor in interest, and thus is entitled to rely on 12 USC § 1825 (b) (2). We modify the order, therefore, by granting plaintiff's motion for partial summary judgment on the second cause of action. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present— Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.