■ Charles Friedman, Respondent, v Rita A. Ramlal et al., Defendants, and Neville Patterson, Appellant. [722 NYS2d 882] —In an action to foreclose a mortgage, the defendant Neville Patterson appeals from an order of the Supreme Court, Kings County (Mason, J.), dated March 1, 2000, which denied his motion, *inter alia,* to vacate a judgment of foreclosure and sale dated July 6, 1998, entered upon his default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The Supreme Court erred in failing to hold a hearing on the issue of whether the appellant was properly served with the summons and complaint. The appellant's affidavit submitted in support of his motion, *inter alia,* to vacate the judgment of foreclosure and sale raised an issue of fact as to whether service was properly effected (*see, Bank of Am. Natl. Trust & Sav. Assn. v Herrick,* 233 AD2d 351; *OCI Mtge. Corp. v Omar,* 232 AD2d 462). Therefore, we remit the matter for a hearing on that issue. If, after the hearing, it is determined that the appellant was not properly served, that branch of his motion which was to vacate the judgment of foreclosure and sale must be granted. If service was properly effected, that branch of the motion should be denied.

As to that branch of the motion which was to set aside the foreclosure sale, the appellant raised several colorable objections to the manner in which the sale was conducted. Thus, the court also erred in denying that branch of the motion without conducting a hearing. Consequently, if it is determined that the court has personal jurisdiction over the appellant, a hearing should be held on the issues raised by the appellant's objections to the sale (*see, Federal Natl. Mtge. Assn. v Walsh,* 259 AD2d 660). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.