■ NATIONAL HERITAGE LIFE INSURANCE COMPANY, in Liquidation, Appellant, v T.J. PROPERTIES Co. et al., Defendants. 22 PRINCE REALTY, L. L. C., et al., Nonparty Respondents. [730 NYS2d 163] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated February 29, 2000, which granted the motion of the nonparties 22 Prince Realty, L. L. C., and NEA Associates, L. L. C., to vacate the judgment of foreclosure and sale dated February 16, 1999, which had been granted on default, and to dismiss the action, and, in effect, denied its cross motion for leave to amend the caption to include those nonparties as defendants.

Ordered that the order is reversed, on the law, without costs or disbursements, the action is reinstated, and the matter is remitted to the Supreme Court, Nassau County, to hold a hearing on the issue of whether personal jurisdiction was obtained over the defendant NEA Associates, 22 Prince Realty, L. L. C., or NEA Associates, L. L. C., and thereafter for a new determination of the motion and cross motion.

In 1988 the defendant T.J. Properties Co. executed a mortgage in favor of State Savings, F.A., on property located at 21 Prince Street in Farmingdale, New York. The Resolution Trust Corp. (hereinafter the RTC) later became the receiver of the assets of State Savings, F.A., including the subject mortgage. The RTC assigned the mortgage to a third party, and the mortgage eventually was acquired by the plaintiff. However, in 1995 Nassau County issued a tax deed for the property to the defendant NEA Associates (hereinafter NEA) after it was sold to satisfy back taxes owed.

In 1997 NEA conveyed the property to its successor, the respondent NEA Associates, L. L. C. (hereinafter the LLC), which subsequently conveyed the property to the respondent 22 Prince Realty, L. L. C. (hereinafter 22 Prince). The plaintiff commenced an action to foreclose the subject mortgage in 1998 without naming the LLC or 22 Prince, and obtained a judgment of foreclosure and sale on default in 1999. The LLC and 22 Prince moved to vacate the judgment and to dismiss the action, and the plaintiff cross-moved for leave to amend the caption to include the LLC and 22 Prince as defendants. The Supreme Court granted the motion on the grounds that neither NEA nor its successor, the LLC, had been properly served,

and that the tax deed extinguished the plaintiff's mortgage interest. Furthermore, the Supreme Court, in effect, denied the cross motion.

We agree with the plaintiff's contention that the Supreme Court improperly granted the motion to vacate the judgment of foreclosure and sale without first holding a hearing on the issue of whether NEA or the LLC were properly served. The affidavits of the process server constituted prima facie proof of valid service (*see, Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375). However, there was evidence which allegedly showed that the person served, the defendant Anthony L. Macari, was not authorized to receive service for either NEA or the LLC. Accordingly, the matter must be remitted for a hearing on the issue of whether service was properly made, and thereafter for a new determination on the motion and cross motion (*see, Federal Home Loan Mtge. Corp. v MacPherson,* 277 AD2d 418; *OCI Mtge. Corp. v Omar,* 232 AD2d 462; *Dime Sav. Bank v Steinman,* 206 AD2d 404). We note that it is uncontroverted that Macari was properly served in his individual capacity. Thus, even if it is found that NEA or the LLC were not properly served, the action against Macari and the remaining defendants should be severed and continued.

We also agree with the plaintiff's contention that its mortgage interest in the property was not extinguished by the tax deed issued by Nassau County. Under Federal law, "No property of the [Federal Deposit Insurance] Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Corporation, nor shall any involuntary lien attach to the property of the Corporation" (12 USC § 1825 [b] [2]). The term "property" includes mortgage liens (*see, Simon v Cebrick,* 53 F3d 17, 21; *Matagorda County v Russell Law,* 19 F3d 215, 221; *Cambridge Capital Corp. v Halcon Enter.,* 842 F Supp 499), and the terms of 12 USC § 1825 (b) (2) encompass the RTC (*see, RTC Commercial Assets Trust v Phoenix Bond & Indem. Co.,* 169 F3d 448; *Birdville Ind. School Dist. v Hurst Assocs.,* 806 F Supp 122; 12 USC § 1441a [b] [4] [A]; § 1821 [c] [2] [B]). Moreover, the assignees of a mortgage previously held by the RTC enjoy the same protections as the RTC (*see, RTC Commercial Assets Trust v Phoenix Bond & Indem. Co., supra; S1 IL304 Ltd. Liab. Co. v ANB Cust. for LG,* 971 F Supp 353; *Beal Bank v Nassau County,* 973 F Supp 130; *CDS Recoveries v Davis,* 277 AD2d 567). Accordingly, since Nassau County foreclosed its tax lien and issued the tax deed without the consent of the RTC or its assignees, the tax deed did not extinguish the plaintiff's

mortgage interest in the property. Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.