■ NYCTL 1998-1 Trust et al., Respondents, v Cooper Third Associates et al., Defendants, and RPK Realty Group, LLC, Appellant. [840 NYS2d 153]—

In a consolidated action to foreclose on real property tax liens, the defendant RPK Realty Group, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated April 13, 2006, as, upon reargument, granted that branch of the plaintiffs' prior motion which was for summary judgment on the complaint, which had been denied in a prior order of the same court dated August 3, 2005, and, in effect, upon reargument, adhered to so much of the order dated August 3, 2005, as denied its prior motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Federal Deposit Insurance Corporation (hereinafter FDIC), as successor to the Resolution Trust Corporation, became the receiver of notes and mortgages from an insolvent bank, Yorkville Federal Savings & Loan Association, in order to recover, to the extent possible, the value of that bank's assets and pay its creditors. In 1995 the FDIC assigned the notes and the mortgages to the defendant North Country Conservancy, Inc., and the mortgages were eventually acquired in 2003 by the defendant RPK Realty Group, LLC (hereinafter RPK). None of the assignments were recorded with the Richmond County Clerk's office.

Meanwhile, the plaintiffs, NYCTL 1998-1, 1998-2, and 1996-1 Trusts and the Bank of New York as collateral agent and custodian, which hold tax liens on the properties covered by RPK's notes and mortgages, commenced numerous actions to foreclose their liens on the subject properties. In 2002, during

the pendency of those foreclosure actions, the plaintiffs obtained the FDIC's consent to the foreclosure of their tax liens. RPK filed an answer in 2003 and counterclaimed that the mortgages it held as assignee of the FDIC were superior to the plaintiff's interest and could not be extinguished without its consent pursuant to 12 USC § 1825 (b) (2). The plaintiffs, inter alia, moved for summary judgment on the ground that only the FDIC's consent, and not RPK's consent, was necessary to foreclose the tax liens, and RPK moved for summary judgment dismissing the complaint insofar as asserted against it, contending that as an assignee, its consent was also required. By order dated August 3, 2005, the Supreme Court denied both motions.

However, upon reargument, the Supreme Court found that it had failed to consider the FDIC's policy statement with regard to its consent to foreclosures. The Supreme Court, upon reargument, granted that branch of the plaintiffs' prior motion which was for summary judgment on the complaint and, in effect, upon reargument, adhered to its prior determination denying that branch of RPK's motion which was for summary judgment dismissing the complaint insofar as asserted against it. RPK appeals, and we affirm the order dated April 13, 2006, insofar as appealed from.

12 USC § 1825 (b) (2) states, in pertinent part, that when the FDIC acts as a receiver, "[n]o property of the [FDIC] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FDIC], nor shall any involuntary lien attach to the property of the [FDIC]" (*see Simon v Cebrick*, 53 F3d 17, 21 [1995] [holding that mortgages held by the FDIC could not be extinguished through foreclosure of tax liens without the FDIC's consent]; *Donna Ind. School Dist. v Balli*, 21 F3d 100 [1994] [same]). The term "property" includes, inter alia, mortgage liens (*National Heritage Life Ins. Co. v T.J. Props. Co.*, 286 AD2d 715, 716 [2001]; *see Simon v Cebrick, supra*; *Matagorda County v Law*, 19 F3d 215, 221 [1994]). Section 4 (c) of the FDIC "Statement of Policy on Foreclosure Consent and Redemption Rights," entitled "Policy and Guidelines Regarding 12 USC § 1825 (b) (2)" specifically states, regarding assignees and successors, that "[i]t is the policy of the [FDIC] that in no event shall the right to consent under 12 USC § 1825 (b) (2) be assigned or transferred to any purchaser of property from the [FDIC]."

While the assignees of a mortgage previously held by the FDIC enjoy the same protections as that federal agency (*see Beal Bank, SSB v Nassau County*, 973 F Supp 130, 133 [1997]; *National Heritage Life Ins. Co. v T.J. Props. Co., supra*; *Raven Portfolio v*

*City of Watertown*, 280 AD2d 888 [2001]), the FDIC's policy not to assign the right to consent to foreclosure "reflects a plausible construction of the statute and does not otherwise conflict with Congress' express intent" (*Cambridge Capital Corp. v Halcon Enters., Inc.*, 842 F Supp 499, 507 [1993]; *see CDS Recoveries v Davis*, 277 AD2d 567, 568 [2000]). Accordingly, since the FDIC consented to the foreclosure of the plaintiff's real property tax liens, and RPK failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), the Supreme Court, upon reargument, properly granted that branch of the plaintiffs' motion which was for summary judgment on the complaint, and, in effect, upon reargument, properly adhered to its prior determination denying that branch of RPK's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur. [*See* 11 Misc 3d 1080(A), 2006 NY Slip Op 50634(U) (2006).]