# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-50266

SHERYL SANDLIN,

Plaintiff-Appellant,

v.

DOBSON CELLULAR SYSTEMS, INC.,
d/b/a CELLULAR ONE,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CV-88

Before REAVLEY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Sheryl Sandlin ("Sandlin") initiated suit against Dobson Cellular Systems, d/b/a/ Cellular One ("Dobson"), alleging the company breached the service contract by assessing roaming charges improperly. The district court granted summary judgment to Dobson and denied Sandlin's motions for partial summary judgment and class certification. Sandlin appeals. For the foregoing reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sandlin entered into a contract for cellular phone service with Dobson and maintained this contract from approximately August 1998 until October 2004. On December 14, 2002, Sandlin signed up for the "USA 1100" rate plan. Thereafter, Sandlin switched to another rate plan known as the "Clear Across America" plan. The Clear Across America plan was based on older, analog technology, which Dobson no longer offers. The parties do not dispute that the terms of the Clear Across America plan as contained in the Customer Service Agreement ("CSA") and the Rate Plan Description govern the disposition of this case.

Before the district court, Sandlin argued that Dobson had improperly charged its cellular customers by assessing roaming fees on calls that were exempt from these fees under the Clear Across America calling plan. The district court granted summary judgment in favor of Dobson, relying solely on Dobson's affirmative defense that Sandlin waived her right to challenge the roaming charges when she failed to comply with the CSA's requirement that Sandlin provide Dobson with notice of disputed charges within thirty days of receipt of the bill containing the alleged discrepancies.[1] After determining that

---

[1] The district court relied on the following provision of the Customer Service Agreement:

> LATE PAYMENTS/DISPUTES. Time is of the essence for payment. Therefore, you agree to pay us a monthly late fee for amounts unpaid 20 days after the date of the invoice in the amount of 1.5% of your unpaid balance. Acceptance of late or partial payments (even if marked "Paid in Full") shall not waive any of our rights to collect the full amount due under this Agreement. We will assess an additional fee of up to the maximum allowed by law, for any check returned for nonpayment. All amounts due, including disputed amounts, must be paid by the due date regardless of the status of any objection. All communications concerning disputed amounts owed, including any instrument tendered as full satisfaction of the amounts owed, must be (i) in writing, (ii) marked "Billing Dispute" on the outside of the envelope, (iii) sent to our address on the front of the Agreement, and (iv) received by us within 30 days after receipt of the invoice. If any of these requirements are not met you will

Sandlin waived the right to object to the charges, the district court denied her motions for partial summary judgment and class certification.

This Court reviews the district court's grant of summary judgment de novo, applying the same standards as the district court. Keenan v. Tejeda, 290 F.3d 252, 262 (5th Cir. 2002). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

On appeal, Sandlin argues that the district court improperly referenced documents not referred to or attached to either party's summary judgment motion.[2] This argument is without merit. The district court is not limited to evidence presented in support of summary judgment, rather the court may consider the entire record before it in rendering a decision on a summary judgment motion. See FED. R. CIV. P. 56(c).

Sandlin also contends that the district court's finding that she waived her objections to the roaming charges was based on an incorrect reading of the service contract and is unsupported by summary judgment evidence. Dobson responds that Sandlin waived any argument regarding enforcement of the waiver provision in the CSA because she failed to make these arguments before the district court.

Under the well-settled law of this circuit, appellate review of a summary judgment order is limited to those matters presented to the district court. Keelan v. Majesco Software, Inc.; 407 F.3d 332, 339 (5th Cir. 2005) (citing Keenan, 290 F.3d at 262 and Frank C. Bailey Enters., Inc. v. Cargill, Inc., 582

---

waive any objection.

[2] In particular, Sandlin contends that the district court could not rely on documents filed in connection with other motions previously before the court.

F.2d 333, 334 (5th Cir.1978)).   Thus, "[i]f a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." Id. (citation omitted). "If a party wishes to preserve an argument for appeal, the party 'must press and not merely intimate the argument during the proceedings before the district court.'"  Id. (citation omitted).

Dobson contends that Sandlin did not challenge its affirmative defense of waiver before the district court.  Dobson argues that its motion for summary judgment put Sandlin on notice that Dobson was seeking summary judgement based on, among other reasons, its affirmative defense that Sandlin failed to comply with the 30-day notice requirement contained in the CSA.  Sandlin argues that she responded to Dobson's waiver argument in her motion for partial summary judgment as well as in her response to Dobson's motion for summary judgment.  However, after careful review of the record, including Sandlin's motion for partial summary judgment and her response to Dobson's motion for summary judgment, we agree with Dobson that Sandlin did not respond to this argument.  Because Sandlin did not object to Dobson's waiver argument below, the district court did not have the opportunity to consider her arguments.  Thus, we may not address this issue on appeal.

At bottom, Sandlin's suit is based on her argument that Dobson improperly assessed roaming fees on calls that were exempt from these fees under the CAA.  Accordingly, Sandlin's failure to object to Dobson's affirmative defense of waiver is sufficient by itself to uphold the district court's grant of summary judgment to Dobson.  Because we may affirm for any reason supported by the record, Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1146 (5th Cir.1993), we find that the district court was correct to grant Dobson's motion for summary judgment.

For the reasons set forth above, we AFFIRM the district court's grant of summary judgment to Dobson.  Also, Sandlin's motions for partial summary judgment and class certification cannot succeed in light of the fact that Sandlin waived her right to dispute the alleged improper roaming fees.

AFFIRMED.