[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12827
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21799-MGC

JERRY ROBIN REYES, and all others similarly
situated under 29 U.S.C. 216(B),

Plaintiff-Appellant,

versus

GOYA FOODS, INC., d.b.a. Goya Foods of Florida,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(December 6, 2013)

Before PRYOR, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jerry Robin Reyes appeals the district court's directed verdict in favor of his former employer, Goya Foods, Inc., in his action to recover overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA").  No reversible error has been shown; we affirm.

Reyes was employed by Goya as a "sales broker."  After Goya terminated Reyes's employment, Reyes filed suit against Goya, seeking overtime pay under the FLSA.  The case proceeded to a jury trial, during which Reyes presented the testimony of five witnesses, including himself.  At the conclusion of Reyes's case-in-chief, Goya moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a).  The district court granted Goya's motion, determining that Reyes qualified as an "outside salesman" within the meaning of the FLSA and, thus, was exempt from the Act's overtime pay provision.

In reviewing a district court's ruling on a motion for directed verdict, we apply the same standard of review as applied by the district court.  Carter v. Miami, 870 F.2d 578, 581 (11th Cir. 1989).  A directed verdict is granted properly if the evidence, viewed in the light most favorable to the non-moving party,

2

"point[s] overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict." Id.

Broadly speaking, the FLSA provides that employees are entitled to receive overtime compensation for hours worked in excess of forty hours. 29 U.S.C. § 207(a)(1). But the Act exempts expressly "outside salesmen" from this provision. Id. § 213(a). The employer bears the burden of proving that an employee qualifies as an outside salesman. See Gregory v. First Title of Am., Inc., 555 F.3d 1300, 1302 (11th Cir. 2009).

The term "outside salesmen" is defined as an employee "[w]hose primary duty is . . . making sales . . . and . . . [w]ho is customarily and regularly engaged away from the employer's place . . . of business in performing such primary duty." 29 C.F.R. § 541.500(a).

"Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). Some of the factors we may consider when determining an employee's primary duty are "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees . . . ." Id. Exempt outside sales work includes "work performed

3

incidental to and in conjunction with the employee's own outside sales" and "other work that furthers the employee's sales efforts."  29 C.F.R. § 541.500(a).  That an employee is compensated on a commission basis supports a determination that the employee is an "outside salesman."  See Gregory, 555 F.3d at 1309-10.

Reyes characterizes his primary duty with Goya as "merchandizing" which included restocking store shelves, cleaning the products, and rotating merchandise. To the extent that Reyes spent time selling Goya products, Reyes alleges that he merely placed orders to replenish products already carried by his assigned retail stores.  Reyes contends that he was not a salesman because he had no authority to negotiate the prices of Goya's products.

Reyes's characterization of his duties as a sales broker for Goya is contradicted entirely by the testimony of Reyes's other witnesses: two Goya sales brokers each with nearly 20 years' experience, Reyes's direct supervisor, and Goya's vice president of sales.  Each of these witnesses testified that a sales broker's primary duty is to sell Goya products.  Sales brokers are given weekly sales goals and are expected to talk regularly with their assigned retail store managers to promote new Goya products, request better product placement, and to reorder inventory.  The witnesses testified consistently that Goya sales brokers did not report to the Goya offices on a regular basis except to attend monthly sales meetings, worked with little supervision, set their own schedules, and were paid a

commission based on their individual volume of sales.  According to each witness, duties such as restocking store shelves, cleaning inventory, and rotating inventory -- duties that Reyes contends are non-exempt -- are performed regularly by Goya sales brokers in conjunction with and in furtherance of their own sales efforts.

Viewed in the light most favorable to Reyes, the evidence demonstrates that -- although Reyes may have personally spent little time promoting Goya products -- his position as a sales broker at Goya qualified him as an "outside salesman" under the FLSA.  Because the evidence presented at trial "point[ed] overwhelmingly in favor of" Goya, the district court granted properly Goya's motion for directed verdict.[*]

AFFIRMED.

---

[*] Because we conclude that Reyes was an "outside salesman" exempt from the FLSA's overtime wage provisions, we need not address Reyes's remaining three arguments: (1) that the district court erred in determining that Defendant Frank Unanue could not be held individually liable under the FLSA for Reyes's unpaid overtime wages; (2) that this case should be reassigned to a new district judge on remand due to judicial bias; and (3) that the district court erred by excluding portions of Unanue's deposition from being read to the jury.