Valerie KLIM, Plaintiff,

v.

DS SERVICES OF AMERICA, INC., Defendant.

CIVIL ACTION NO. 1:13–cv–02677–AT

United States District Court, N.D. Georgia, Atlanta Division.

Signed 03/18/2015

John Lawrence Mays, Thomas Jefferson Kerr, Mays & Kerr, LLC, Atlanta, GA, for Plaintiff.

Steven Gregory Hopkins, Timothy Riker Newton, Constangy, Brooks, Smith & Prophete, LLP, Atlanta, GA, for Defendant.

### ORDER

AMY TOTENBERG, UNITED STATES DISTRICT JUDGE

In the iconic song "9 to 5," Dolly Parton complained,

> Workin' 9 to 5, what a way to make a livin' Barely getting' by, it's all takin' and no givin' They just use your mind and you never get the credit It's enough to drive you crazy if you let it 9 to 5, yeah they got you where they want you

> There's a better life, and you dream about it, don't you? It's a rich man's game no matter what they call it And you spend your life puttin' money in his wallet.

Dolly Parton, 9 to 5, on 9 to 5 and Other Odd Jobs (RCA Studios 1980). Plaintiff Valerie Klim, might say, "Dolly's got nothin' to complain about." She alleges in this suit, brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, that Defendant failed to pay her for working more than "9 to 5," as required under the Act, and seeks the credit she is due in the form of unpaid overtime, liquidated damages, and attorney's fees.

The case is before the Court on Defendant's Motion for Summary Judgment [Doc. 48] and Plaintiff's Motion for Summary Judgment [Doc. 54]. Defendant contends that Plaintiff is not entitled to overtime pay because her salaried position as a business/finance analyst was exempt from the FLSA's overtime requirement. According to Plaintiff, however, the business/finance analyst position was an entry-level job that consisted of purely routine data-gathering and data-entry. As explained below, the parties' divergent positions preclude the entry of summary judgment in either party's favor because a reasonable jury could conclude from the facts that Klim fell under the FLSA's administrative employee exemption or a reasonable jury could conclude that she did not. The Court therefore **DENIES** the parties' cross-motions for summary judgment.

### I. BACKGROUND

█ Defendant DS Services of America, Inc. is a national beverage delivery service providing bottled water, water filtration, coffee and tea to offices. Plaintiff Valerie Klim was employed as a business/finance

analyst[1] in Defendant's business development department from October 22, 2012 through late May 2013. She was supervised by and reported to Taylor Childs, a Manager of Financial Planning and Analysis with DS Services who in turn reported to the Director of Planning and Analysis, Susan Jablonski. Klim's primary duties included the preparation of daily, weekly or monthly customer and sales data reports. She contends that her job consisted of routinely gathering pre-determined data points from an existing database maintained by Defendant and transferring the data to established templates on Excel spreadsheets. Defendant on the other hand contends that the business/finance analyst position required Klim to primarily analyze the data contained in the reports she prepared, research areas of concern within the reports, and provide management personnel with the most pertinent information from the analysis to enable them to make sound business decisions in significant areas affecting the operation of the business, all while exercising independent judgment and discretion.

According to Klim, she regularly worked more than 40 hours per week without receiving any overtime pay. When she was first hired in October 2012, Klim came into work each day at 9:00 a.m. and left anywhere from 5:00 p.m. to 7:00 p.m. Beginning in January 2013, Klim began coming into the office around 8:00 to 8:30 a.m. and leaving between 6:30 to 7:00 p.m. and she often worked through her lunch break. In January, Klim also began working five hours every weekend until her employment with DS Services ended in May 2013. Plaintiff estimates that from January to May 2013, she worked 15 hours of overtime per week, but admits she does not have any documentation to support her approximation of her hours. According to Defendant's Director of Planning and Analysis, Susan Jablonski, who sat in the office across the hall from Klim, she personally observed Klim's arrival and departure from work and testified that Klim normally arrived for work about 9:00 a.m. and left at either 5:30 or 6:00 p.m. every night. Defendant contends that no one at DS Services asked Klim to work extra hours or on the weekends.

Plaintiff has moved for summary judgment on liability. She asks the Court to find that: (1) she worked more than forty hours a week without receiving overtime pay; and (2) she is not subject to the statutory administrative exemption from the overtime requirements of the FLSA. Defendant has also moved for summary judgment on the basis that Plaintiff was properly classified as an exempt employee and she is therefore not entitled to any recovery under the FLSA.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only where the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is material if resolving the factual dispute might change the suit's outcome under the governing law. *Id.* Summary judgment

---

1. The parties haggle over whether Plaintiff was hired as a business analyst, financial analyst, or "Business Analyst—Finance." The Court discerns no difference between these terms and for ease of reference will use the term "business/finance analyst." Notably, under the FLSA a job title is not determinative of the proper application of the administrative exemption.

should be granted only if no rational fact finder could return a verdict in favor of the non-moving party. *Id.* at 249, 106 S.Ct. 2505.

The Court must view all the evidence in the record in the light most favorable to the non-movant and resolve all factual disputes in the non-movant's favor. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). For issues upon which the moving party bears the burden of proof at trial, the moving party must affirmatively demonstrate the absence of a genuine issue of material fact as to each element of its claim on that legal issue. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). It must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial. *Id.* If the moving party makes such a showing, it is entitled to summary judgment unless the non-moving party comes forward with significant, probative evidence demonstrating the existence of an issue of fact. *Id.*

When the non-moving party bears the burden of proof at trial, however, the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim. *Id.* Instead, the moving party may point out to the district court that there is an absence of evidence to support an element of the non-moving party's case. *Id.* The non-moving party must then respond with sufficient evidence to withstand a directed verdict motion at trial. Fed. R. Civ. P. 56(e); *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994). The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

■ The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed. *Am. Bankers Ins. Group v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. *Id.* The Eleventh Circuit has explained that "[c]ross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. *Id.* at 1555–56.

## III. ANALYSIS

■ The FLSA requires employers to pay employees an overtime rate if they work more than forty hours in a work week. 29 U.S.C. § 207(a)(1). However, employers are not required to pay overtime compensation if the employee is "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The parties vigorously dispute whether Klim was an administrative employee exempt from the FLSA based on her position as a business/finance analyst. Defendant asserts that due to her inability to perform the critical job functions of a business/finance analyst Plaintiff is now attempting in this litigation to transform her job into a nonexempt position subject to the FLSA's overtime requirements. De-

fendant also denies that Klim worked more than forty hours in a work week, assuming she was not properly classified as exempt from the overtime requirements.[2]

The Court must interpret the provisions of the FLSA liberally in the employee's favor and construe the exemptions narrowly against the employer. *E.g., Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1226 (11th Cir. 2009); *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 965 (11th Cir. 1997); *Atlanta Prof'l Firefighters Union, Local 134 v. City of Atlanta*, 920 F.2d 800, 804 (11th Cir. 1991). The employer bears the burden of proving its entitlement to an exemption. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1269 (11th Cir. 2008); *Evans*, 131 F.3d at 965. For Defendant to prevail, it must prove the applicability of the exemption by "clear and affirmative evidence." *Birdwell v. City of Gadsden*, 970 F.2d 802, 805 (11th Cir. 1992).

In order for the FLSA's administrative exemption to apply in this case, Defendant must prove that: (1) Plaintiff was compensated on a salary basis at a rate of not less than $455 per week;[3] (2) Plaintiff's primary duty consisted of the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) Plaintiff's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200. Whether an employee falls under the administrative exemption is a highly fact-intensive inquiry that depends on the particular circumstances of each case. *See* 29 C.F.R. § 541.700(a) (providing that the "[d]etermination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole"); 29 C.F.R. § 541.202(b) (providing that "[t]he phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the question arises"). As a job title is of little use for exemption purposes, courts look to the tests articulated by the Department of Labor's ("DOL") regulations under the FLSA in assessing the applicability of the FLSA's statutory exemptions. *See Morgan*, 551 F.3d at 1265–66.

---

**2.** As the evidence is in dispute as to the precise number of hours Plaintiff Klim worked each week, the Court **DENIES** Plaintiff's request for summary judgment [Doc. 54] on this issue. The Court notes that an employee who brings suit under the FLSA for unpaid overtime compensation has the initial burden of proving that she performed work for which she was improperly compensated. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), *superseded by statute on other grounds as stated in Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1344 n. 6 (11th Cir. 2007). "[W]hen the employer has kept proper and accurate records the employee may easily discharge [her] burden" by relying on the employer's records. *Id.* at 687, 66 S.Ct. 1187. Where, as here, the employer has not kept accurate records, the employee "need only show '[she] has in fact performed work for which [she] was improperly compensated and ... produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (quoting *Anderson*, 328 U.S. at 687, 66 S.Ct. 1187). Upon such a showing, "the burden shifts to the employer [to come forward with evidence of the precise amount of work performed] to prove its claim or disprove the employee's...." *See Etienne v. Inter–County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir.1999) (citing *Anderson*, 328 U.S. at 687–88, 66 S.Ct. 1187).

**3.** Plaintiff does not dispute that she was paid a salary of $57,000 per year ($2,192.31 paid bi-weekly) and therefore meets the first criteria of the administrative exemption. (Pl.'s Resp. SMF ¶ 19.)

The regulations define the term "primary duty" as "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). Factors to consider when determining the primary duty of an employee include (1) the relative importance of the exempt duties as compared with other types of duties; (2) the amount of time spent performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee. *Id.* While the amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee, it is not dispositive of the primary duty issue. *See* 29 C.F.R. § 541.700(b) (noting that "employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement" and that "[e]mployees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion").

To qualify as work "directly related to the management or general business operations" an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment. 29 C.F.R. § 541.201(a). A primary duty "directly related to the management or general business operations" includes work in a functional area of the business, such as accounting, budgeting, auditing, quality control, purchasing, procurement, marketing, safety and health, personnel management, and similar activities. *Id.* at § 541.201(b).

With respect to the requirement that an employee exercise discretion and independent judgment in order to qualify as an exempt administrative employee, the DOL's regulations provide:

[i]n general, the exercise of discretion and independent judgment involves the comparison and the evaluations of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

29 C.F.R. § 541.202(a). Factors to consider in determining whether the "discretion and independent judgment" criteria is satisfied include, but are not limited to: (1) whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; (2) whether the employee carries out major assignments in conducting the operations of the business; (3) whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; (4) whether the employee has authority to commit the employer in matters that have significant financial impact; (5) whether the employee has authority to waive or deviate from established policies and procedures without prior approval; (6) whether the employee has authority to negotiate and bind the company on significant matters; (7) whether the employee provides consultation or expert advice to management; (8) whether the employee is involved in planning long- or short-term business objectives; (9) whether the employee investigates and resolves matters of significance on behalf of management; and (10) whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances. *Id.* at § 541.202(b).

Although the "exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision ... employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term 'discretion and independent judgment' does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review ... The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action." 29 C.F.R. § 541.202(c). The regulations further provide that the "exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources." *Id.* at § 541.202(e). It "does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work." *Id.*

■ Defendant and Plaintiff disagree over the primary duty of her job. Plaintiff asserts that her primary responsibility as a business/finance analyst was compiling and generating the various daily, weekly, and monthly reports assigned to her. Plaintiff characterizes her reporting duty as a routine, recurring task of gathering data from established sources and plugging in information into pre-existing, formatted templates created by the company so that the actual decision-makers and analysts in the company could more easily review and apply the resulting reports to the business operations. Defendants argue in their briefs that Plaintiff's preparation of these reports constituted only a small part of her job. Defendants instead assert that Plaintiff's reporting was simply a "means to an end" of being able to provide analysis of those reports.

Plaintiff's manager, Taylor Childs, who held Plaintiff's position immediately before she was hired, described spending most of his time as an analyst in developing the reports and estimated that generation of the reports took up roughly 60 to 70 percent of his time as an analyst. Childs described "compiling the reports and generating the summary analysis" as the most important duties of a business/finance analyst and explained that the summary analysis involved essentially providing context for the reports by identifying anomalies in the data and highlighting the anomalies for upper level management. Childs further explained that analysts, including Klim, did not decide what information to include in a report, did not come up with the reports themselves, did not evaluate or specify options or courses of action for the company to take from a financial perspective, did not create management policies or practices, and could not bind the company with respect to financial decisions or otherwise. Analysts could make recommendations on how to better improve certain reports, but the final approval and use of certain reports rested with management and other executives at the company.

Plaintiff does not deny that it was her responsibility to investigate problems with the reports or the numbers in them and that she needed to understand "what the numbers were and what they meant" in order to accurately prepare certain reports. For many of the reports, Klim testified that no analysis or insight into the data was required or expected of the analyst, and she simply generated and distributed the report to management for review. Specifically, with respect to the "national incentive report," her responsibility was to basically copy and paste the sales data and refresh the report to reflect the current

information. According to Plaintiff, she did not exercise any judgment and did not conduct important business functions with respect to the financial/profitability reports generated. She simply gathered the data from an established data source, input the data into well established forms, generated the reports with the click of a mouse and then forwarded them to the proper person.

In response, Defendant contends that Plaintiff cannot vitiate the exempt status of the business/finance analyst position through her own incompetence or inability to perform the exempt tasks required of the position. Defendant relies on the unpublished Eleventh Circuit decision in *Reyes v. Goya Foods, Inc.*, in which the Court of Appeals upheld a directed verdict entered in favor of Goya (defendant-employer) at the conclusion of Reyes's (plaintiff-employee) case-in-chief on the basis that the overwhelming evidence at trial demonstrated that "although Reyes may have personally spent little time promoting Goya products—his position as a sales broker at Goya qualified him as an 'outside salesman' [exempt] under the FLSA" overtime provisions. *Reyes v. Goya Foods, Inc.*, 549 Fed.Appx. 876, 878 (11th Cir. 2013). Even if binding, *Reyes* is distinguishable from the case at bar as it involves the "outside sales" exemption, and does not control in the context of a summary judgment motion where, as here, the evidence does not overwhelmingly point in favor of either party. As Plaintiff points out, she has presented evidence that the primary duty of the job did not require the exercise of independent judgment regardless of the quality of her work. The Court acknowledges, however, that Defendant's argument may have some true appeal at trial, and the jury may ultimately credit Defendant's characterization of the evidence that Plaintiff had the discretion—but not the ability—to exercise independent judgment over matters of significance to Defendant's business.

Given the factually-determinative nature of the administrative exemption inquiry and because of the marked differences between the parties' descriptions of Klim's duties as a business/finance analyst at DS Services, the Court concludes there are issues of fact as to whether Klim was exempt from the FLSA. *See Cain v. Almeco USA, Inc.*, No. 1:12–CV–3296–TWT, 2013 WL 6051023 (Nov. 15, 2013) (Thrash, J) (denying plaintiff's request for summary judgment based on issue of fact regarding whether she was exempt based on conflicting descriptions of her job duties where plaintiff described her role as "that would sometimes require her to flag a discrepancy or a profitability issue for the higher-ups" compared with defendant's contention that plaintiff's role in performing "inventory oversight accounted for an important share of the firm's revenue" that was "crucial to the company" and required her to exercise judgment); *Papesh v. NCM of Collier County, Inc.*, No. 208–cv–78–FTM–34SPC, 2009 WL 1513420 (May 27, 2009) (Duggan, J.).[4] A reasonable jury could find in favor of Plaintiff or Defendant based on the facts in the record before the Court on

4. In *Papesh*, the plaintiff who was employed as the defendant-company's manager of accounts payable sought summary judgment on the basis that she was improperly classified as an exempt employee. 2009 WL 1513420. Her employer countered that she was properly subject to the FLSA's administrative exemption because she was employed to manage the company's accounts payable department and that she "had substantial discretion and authority in dealing with the significant matters entrusted to her as the head of the payables department." *Id.* at *3. The plaintiff contended that she essentially performed data entry by creating an accounts payable list based on invoices received from company's vendors, that while she could point out discrepancies between invoices and purchase orders she lacked authority to resolve such discrepancies, and

summary judgment. A trier of fact crediting Defendant's description of Klim's responsibilities could conclude that the job required that she perform work that substantially affected DS Water's business operations and exercise her independent judgment in doing so. On the other hand, based on Plaintiff's testimony and the testimony of other employees who have worked in the business/finance analyst position, a trier of fact could find that the majority of the job was devoted to the routine task of plugging numbers in and spitting numbers out rather than to performing any significant analysis of those numbers. Accordingly, the Court cannot grant summary judgment to either party.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment [Doc. 48] and Plaintiff's Motion for Summary Judgment [Doc. 54]. The parties are **DIRECTED** to file their Consolidated Pretrial Order **NO LATER THAN** April 7, 2015. This case is placed on a trial calendar for the week of May 4, 2015, following any criminal trials also scheduled on the May 4th calendar.

**IT IS SO ORDERED** this 18th day of March, 2015.

that she simply prepared and mailed out checks signed by her employer. *Id.* Her employer presented evidence that the plaintiff oversaw the payment of tens of millions of dollars for the company, exercised discretion in deciding when to put a vendor on the payables list and when to pay a vendor, was authorized to contact vendors to resolve billing discrepancies on the company's behalf, and was responsible for overseeing the job performance of staff members assigned to her department and was asked to provide her input regarding their performance. *Id.* at *3–4. The district court denied the plaintiff employee's summary judgment motion concluding that the employer's evidence was sufficient to create a genuine issue of material fact with respect to whether Plaintiff's duties required the exercise of discretion and independent judgment and that "[a] trier of fact crediting [the employer's] description of [p]laintiff's responsibilities could conclude that she performed work that affected NCM's business operations to a substantial degree and that she was granted and exercised the authority to negotiate and resolve matters on NCM's behalf." *Id.* at *4.